In The
Court of Appeals
Sixth Appellate District of Texas at Texarkana

______________________________

No. 06-06-00047-CR
______________________________


EVERETT M. BRYANT, Appellant
 
V.
 
THE STATE OF TEXAS, Appellee


                                              

On Appeal from the 76th Judicial District Court
Morris County, Texas
Trial Court No. 9231


                                                 



Before Morriss, C.J., Ross and Carter, JJ.
Memorandum Opinion by Justice Ross


MEMORANDUM OPINION

          A jury found Everett M. Bryant guilty of aggravated robbery and assessed his
punishment at seventy-five years' imprisonment and a fine of $10,000.00. Bryant now
appeals, contending the evidence is legally insufficient to show he used or exhibited a brick
as a deadly weapon during the commission of the underlying offense. We affirm.
          A person commits the offense of robbery if he or she takes property belonging to
another and, during the commission of that theft, either (1) "intentionally, knowingly, or
recklessly causes bodily injury to another" or (2) "intentionally or knowingly threatens or
places another in fear of imminent bodily injury or death." Tex. Pen. Code Ann. § 29.02(a)
(Vernon 2003). That offense becomes aggravated robbery if the person causes serious
bodily injury during the robbery, or if the person uses or exhibits a deadly weapon, causes
bodily injury to a disabled person or someone who is sixty-five years of age or older, or
threatens or places another in fear of imminent bodily injury or death and that victim is
disabled or sixty-five years of age or older. Tex. Pen. Code Ann. § 29.03 (Vernon 2003). 
The indictment in this case alleged Bryant 
"did then and there, while in the course of committing theft of property and
with intent to obtain or maintain control of said property, intentionally or
knowingly threaten or place Olare Nicole Gomba in fear of imminent bodily
injury or death, and the defendant did then and there use or exhibit a deadly
weapon, to wit: a brick." 
The trial court did not submit a lesser-included-offense charge or verdict form to the jury
on the theory of robbery; the only option available to the jury was to find Bryant guilty or not
guilty of aggravated robbery. 
          When reviewing the legal sufficiency of the evidence to support any particular
evidentiary finding, we must view the evidence in the light most favorable to the verdict and
determine whether any rational trier of fact could have made the finding beyond a
reasonable doubt. Drichas v. State, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005); Cates
v. State, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003) (citing Jackson v. Virginia, 443 U.S.
307, 318–19 (1979)). The jury's deadly weapon finding against Bryant can survive a legal
sufficiency challenge only if there is legally sufficient evidence to support the jury's finding
(1) that he used or exhibited the brick during the commission of the offense, see Tex. Pen.
Code Ann. § 29.03(a)(2) (as alleged in this case, deadly weapon is essential element of
aggravated robbery) and (2) that the brick, in its use or intended use, was capable of
causing death or serious bodily injury. See Tex. Pen. Code Ann. § 1.07(a)(17)(B) (Vernon
Supp. 2005) (defining term "deadly weapon").
          At trial, Gomba testified Bryant came into the convenience store where she worked,
walked up to the counter, and ordered her to open up the register. Gomba noticed Bryant
had something under his shirt. Bryant subsequently pulled the item out from underneath
his white t-shirt, and Gomba saw that it was a brick. "It wasn't one of those bricks that are
long and skinny," she testified. "It was one of those fat bricks, and it looked like it was half
a brick." Gomba further told the jury that during the robbery, "I was scared for my life. I
thought he was going to kill me." She also said Bryant was within an arm's length reach
of her during the robbery—close enough to have hit her with the brick. As Bryant took the
money from the open cash register, he laid the brick on the store's counter. After taking
the money, Bryant exited the store and Gomba immediately called 9-1-1. 
          Deputy Ross Dickson of the Morris County Sheriff's Department was dispatched to
the convenience store after Gomba's call. Shortly after arriving, Gomba gave Dickson the
brick that Bryant had displayed during the theft. Dickson later gave the brick to Officer
Doug Stanley of the Daingerfield Police Department.
          During Stanley's testimony, the brick was admitted into evidence without objection. 
Stanley testified Bryant's brick was something that could be used as a weapon because
it had a sharp edge that could cut. Stanley further opined that the brick was capable of
causing death or bodily injury. And when asked by the State, "Is that [brick] the type of
weapon that could be used to cause a person like Nicole Gomba serious bodily injury or
harm?," Stanley responded, "Yes, sir." 
          The record also shows that a videotape of the robbery was made by the
convenience store's surveillance cameras. This videotape was admitted into evidence
without objection and later played to the jury. 
          The jury had an opportunity to examine the brick and watch the videotape. The jury
heard Stanley testify he believed the brick was capable of causing serious bodily injury or
death. Gomba testified that, during the robbery, while she was being ordered to open the
cash register, Bryant was within an arm's length of her and that she feared for her life
during the robbery. It was not necessary for Bryant to verbalize his threat to use the brick
against Gomba if she resisted, such was clear from the circumstances surrounding the
robbery: Bryant's display of the brick, along with his threatening demeanor, satisfied the
statutory requirements under Section 29.02 of the Texas Penal Code. See Tex. Pen. Code
Ann. § 29.02. 
          Given the evidence presented in the court below, we conclude the evidence is
legally sufficient to support the jury's verdict that the brick used by Bryant was, in its use
and its intended use, capable of causing death or serious bodily injury. Accord McCain v.
State, 22 S.W.3d 497, 502–03 (Tex. Crim. App. 2000) (measure of deadly weapon is its
physical characteristics; "[O]bjects used to threaten deadly force are in fact deadly
weapons."). 
          We overrule Bryant's sole point of error and affirm the trial court's judgment.


                                                                           Donald R. Ross
                                                                           Justice

Date Submitted:      June 30, 2006
Date Decided:         July 19, 2006

Do Not Publish