COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-06-294-CR

BILLY LANG BELL, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 4 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

After a bench trial, the trial court found Appellant Billy Lang Bell, Jr. guilty of possession of four or more but less than 200 grams of cocaine with intent to deliver and sentenced him to fourteen years’ confinement in the Institutional Division of the Texas Department of Criminal Justice.  In one point, Appellant contends that the evidence is factually insufficient to support his conviction.  Specifically, Appellant argues that no physical evidence links him to the drugs, nothing found on his person at the time of arrest links him to the drugs, other persons were present when the police found the drugs, and the testimony of the police officer who saw him throw the bag of cocaine conflicts with the testimony of other police officers.

The evidence shows that Fort Worth police officers executed a search warrant at a “selling smoke house,” or crack house.  Appellant was in a chair in a bedroom.  Appellant did not appear to be an addict or chronic drug user and did not appear to be under the influence of drugs.  Officer Keisler testified that when he entered the room, he saw Appellant getting out of the chair to go down to the floor in response to a police command.  Officer Keisler testified that Appellant’s left hand appeared to be at his waist or in a pocket.  Officer Keisler testified that he saw Appellant’s hand come out of the pocket or away from his waist and make a throw-back motion behind Appellant’s body.  Officer Keisler stated that he saw a bag of some sort that appeared to contain an off-white substance leave Appellant’s hand.  Officer Keisler saw the bag land in the corner behind Appellant’s chair.  Of the officers who testified, only Officer Keisler specifically noticed Appellant before his arrest, and only Officer Keisler saw Appellant throw the bag.

The bag contained more than sixty grams of crack cocaine, a quantity which Officer Keisler testified would not be for personal use and which had a street value of more than $6,000.  The officer who searched Appellant testified that Appellant had $1,278 in cash in his pockets, including fifty-one $20 bills. Appellant testified that he did not use cocaine, did not see drugs that evening, was not the person sitting in the chair, lay on the ground before the police entered the bedroom, and only had about $550 on his person when he was arrested.

Based on the appropriate standard of review,
(footnote: 2) we hold that the evidence sufficiently links Appellant to the drugs and is factually sufficient to support Appellant’s conviction.  We therefore overrule Appellant’s sole point and affirm the trial court’s judgment.

PER CURIAM

PANEL F: DAUPHINOT, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  November 1, 2007

FOOTNOTES
1:
See
 
Tex. R. App. P.
 47.4.

2:
See Watson v. State
, 204 S.W.3d 404, 414–15, 417 (Tex. Crim. App. 2006); 
Drichas v. State
, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005); 
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003); 
Johnson v. State
, 23 S.W.3d 1, 8–9, 11–12 (Tex. Crim. App. 2000); 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997) (all providing factual sufficiency standard of review); 
see also Poindexter v. State
, 153 S.W.3d 402, 406 (Tex. Crim. App. 2005) (discussing “affirmative links” rule).