COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-07-373-CR

 

 

VERLEE ALBERT, JR.                                                           APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

            FROM
THE 211TH DISTRICT COURT OF DENTON COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

Appellant Verlee Albert, Jr.
appeals his conviction for aggravated robbery. 
In two points, he argues that the evidence is legally and factually
insufficient to support the jury=s finding that he caused bodily injury to the complainant by grabbing
her arm.  We affirm.

 








                                            Background

The complainant, Vivian
Pozil,  is an eighty-one-year-old greeter
at a Wal-Mart store.  She testified that
one day while she was working as the greeter, Appellant pushed a shopping cart
of merchandise past the exit door=s theft-detection equipment, setting off the theft-detection
alarm.  Pozil testified that she
approached Appellant and asked to see his receipt, as she always does when the
alarm sounds.  Appellant continued to
walk toward the exit.  Pozil walked
beside the cart and asked to see Appellant=s receipt several more times, but Appellant did not stop. 

Pozil testified that she Atook ahold@ of the
cart, asked Appellant to stop, and Ahung on to [the cart] tight so he couldn=t move [it]. . . . I wasn=t about to let it go out the door.@  She said Appellant shook the
cart three or four times and then grabbed her arm.  Another customer, Christopher Runge, saw what
was happening and approached to assist Pozil. 
Runge testified that Pozil was Alatched on to the cart@ and that Appellant grabbed Pozil=s arm and Areached
across the cart and was trying to pull her hand off the cart so he could get
the cart out [the door].@  








When Runge approached,
Appellant released Pozil=s arm,
grabbed a bag or two from the cart, and fled the store.  Runge pursued him into the parking lot,
watched him enter a vehicle apparently waiting for him, followed Appellant=s vehicle with his own, and reported the vehicle=s location to police. The police stopped the vehicle and apprehended
Appellant with merchandise from the store. 

Pozil testified that she did
not initially realize that Appellant had injured her arm, but her arm began to
hurt and swell and Ait wasn=t long until [it] was red from the wrist up to the elbow.@  By the time she left to go
home that night the redness was turning into black and blue.  Her husband testified that her arm was
uninjured when she left for work that day, but it was bright red when she
returned home, and A[a] couple
of days later it was really dark blue.@ 

Appellant testified in his
own defense.  He admitted that he was in
the process of stealing merchandise from the Wal-Mart[2]
when Pozil confronted him.  He testified
that when Pozil grabbed the front of his cartCwhich, he said, contained eight cases of beer, among other itemsCthe cart started to tip toward her, so he placed himself between her
and the cart to protect her.  He
testified that after righting the cart, he turned it around, gave it to Pozil,
and walked out of the store. 

The grand jury indicted
Appellant for aggravated robbery, as follows:








[Appellant]
did then and there, while in the course of committing theft of property and
with intent to obtain or maintain control of said property, intentionally,
knowingly, or recklessly cause bodily injury to Vivian Pozil, a person 65 years
of age or older by shoving her with the defendant=s
hand and grabbing her arm . . . . 

 

See Tex. Penal Code Ann. '
29.03(a)(3)(A) (Vernon 2003).  The
application paragraph of the jury charge tracked the indictment, except that it
used the disjunctive Aor@ instead of the conjunctive Aand@ between Ashoving her with [his] hand@ and Agrabbing her
arm.@  A jury found Appellant guilty,
found an enhancement allegation to be true, and assessed punishment at
twenty-three years=
confinement. 

On appeal, Appellant concedes
that the evidence is sufficient to prove the elements of aggravated robbery but
argues that the evidence is legally and factually insufficient to prove the
means of commission of bodily injury alleged in the indictment, Ashoving [Pozil] with the defendant=s hand and grabbing her arm.@

                                      Standards of Review








When reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the prosecution in order to determine whether
any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Clayton v.
State, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

When reviewing the factual
sufficiency of the evidence to support a conviction, we view all the evidence
in a neutral light, favoring neither party. 
Watson v. State, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); Drichas
v. State, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  We then ask whether the evidence supporting
the conviction, although legally sufficient, is nevertheless so weak that the
fact-finder=s
determination is clearly wrong and manifestly unjust or whether conflicting
evidence so greatly outweighs the evidence supporting the conviction that the
fact-finder=s
determination is manifestly unjust.  Watson,
204 S.W.3d at 414B15, 417; Johnson
v. State, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000).  To reverse under the second ground, we must
determine, with some objective basis in the record, that the great weight and
preponderance of all the evidence, though legally sufficient, contradicts the
verdict.  Watson, 204 S.W.3d at
417.

                                             Discussion








Appellant argues that the
evidence is legally and factually insufficient to support the jury=s verdict that he caused bodily injury to Pozil by shoving her with
his hand or grabbing her arm.[3]  He also argues that while the evidence Ano doubt establishes the possibility that [Pozil=s] injury occurred when the Appellant was grasping [her] arm,@ the evidence makes it just as likely that the injury was caused while
Appellant was shaking the cart while Pozil was holding onto it, thus creating a
material variance between the means of injury alleged in the indictment and the
means proved at trial. 

There is no evidence in the
record that Appellant shoved Pozil with his hand.  But Pozil and Runge both testified that
Appellant grabbed her arm.  Pozil
testified that her arm later hurt and turned red, and her husband testified
that it turned blue a couple of days later.

Considering the evidence in
the light most favorable to the verdict, a rational trier of fact could have
found beyond a reasonable doubt that Appellant injured Pozil by grabbing her
arm; thus, the evidence is legally sufficient. 
See  Clayton, 235
S.W.3d at 778.








Considering the evidence in a
neutral light, we cannot say that it is so weak that the jury=s verdict is clearly wrong or manifestly unjust.  See Watson, 204 S.W.3d at 414B15.  Nor does the contrary
evidenceCAppellant=s own
testimony that he did not grab Pozil=s arm and instead saved her from being crushed by the beer-laden cartCso greatly outweigh the evidence supporting the verdict as to render
it manifestly unjust.  See id. at
417.  Thus, the evidence is factually
sufficient.  See id.

As for Appellant=s material discrepancy argument, a variance occurs when there is a discrepancy
between the allegation in the charging instrument and the proof at trial.  Gollihar v. State, 46 S.W.3d 243, 246
(Tex. Crim. App. 2001).  Only a material
variance that prejudices a defendant=s substantial rights will render the evidence insufficient.  Id. at 257.  Here, the evidence was legally and factually
sufficient to support a finding that Appellant injured Pozil by grabbing her
arm as alleged in the indictment; thus, there is no variance between the indictment
and the evidence.  The possibility that
the injury occurred when Appellant shook the cart was an evidentiary conflict
for the jury to resolve.  See Sartain
v. State, 228 S.W.3d 416, 424 (Tex. App.CFort Worth 2007, pet. ref=d).  The jury resolved it
against Appellant.

                                             Conclusion

We overrule Appellant=s two points and affirm the trial court=s judgment.

PER CURIAM

 

PANEL F:    GARDNER, HOLMAN, and WALKER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  June 5, 2008











[1]See Tex. R. App. P. 47.4.





[2]Appellant
testified that he had stolen from other Wal-Marts that same day. 





[3]Appellant
concedes that our analysis is governed by the alternative means submitted
disjunctively to the jury in the charge rather than conjunctively as alleged in
the indictment.  See Lawton v. State,
913 S.W.2d 542, 551 (Tex. Crim. App. 1995), cert. denied, 519 U.S. 826
(1996).