IN THE COURT OF CRIMINAL APPEALS


OF TEXAS


 




NO. PD-1915-04






DAVID DRICHAS, Appellant



v.



THE STATE OF TEXAS





ON STATE'S PETITION FOR DISCRETIONARY REVIEW


FROM THE SIXTH COURT OF APPEALS


BOWIE COUNTY
 




 Johnson, J., delivered the opinion of the Court in which Keasler, Hervey,
Holcomb, and Cochran, JJ., joined. Keller, P.J., and Womack, J., concurred in the
result. Price, J., dissented. Meyers, J., filed a dissenting opinion.


O P I N I O N 





 In the early morning hours of March 21, 2002, appellant led police officers from Arkansas
and Texas on a high-speed chase through parts of both jurisdictions. Appellant was arrested in Texas
and indicted for evading detention in a motor vehicle, a felony offense in violation of Tex. Penal
Code § 38.04. Appellant's criminal history contained fourteen felony convictions, including drug
possession, burglary, theft, escape, and eluding arrest or detention. The state, therefore, charged
appellant as a habitual offender. Tex. Penal Code § 12.42(d). Approximately two months before
trial, the state moved to amend the indictment to include an allegation that appellant had used his
truck as a deadly weapon. Tex. Penal Code § 12.35(c). The trial court granted the motion. At the
close of the state's guilt evidence, appellant moved to dismiss the deadly weapon allegation, but the
trial court overruled the motion. The jury convicted appellant of evading detention with a vehicle,
found that he had used the vehicle as a deadly weapon, and sentenced him to 99 years' confinement
in the Texas Department of Criminal Justice-correctional institutions division (TDCJ-CID).

 Appellant appealed, asserting that the trial court had erroneously denied his request to dismiss
the deadly weapon allegation. The court of appeals, relying on Williams v. State, (1) Davis v. State, (2)
and Mann v. State, (3) found that, to sustain a deadly weapon finding, there must be evidence sufficient
to show that others were actually, not simply hypothetically, endangered. While the court of appeals
noted that if "driven so as to endanger lives, a motor vehicle can clearly be a deadly weapon" and
seemed to concede that appellant's manner of use was sufficient to render the truck a deadly weapon, 
it concluded that the evidence to support a deadly weapon finding in this case was both factually and
legally insufficient because the state had failed to show actual danger. Drichas v. State, 152 S.W.3d
630 (Tex. App.-Texarkana 2004). The court of appeals deleted the deadly weapon finding and,
because the deletion altered appellant's punishment range, remanded the case to the trial court for
a new punishment trial. The state petitioned for discretionary review, contending in its sole ground
for review (4) that the court of appeals had misconstrued the standard for reviewing sufficiency of
evidence to support a deadly weapon finding and had effectively altered the definition of a deadly
weapon. We reverse and remand.

The Evidence

 Testimony showed that appellant recklessly pulled out of a gas station parking lot, spinning
his wheels, failing to yield to oncoming traffic, and cutting off Lieutenant Dwight Mowery of the
Texarkana, Arkansas, Police Department, forcing him to slam on the brakes of his unmarked police
car. Lieutenant Mowery followed appellant's truck for a short distance and observed appellant's
truck fishtail as appellant, at a high speed, ran a stop sign and attempted to make a left turn. 
Lieutenant Mowery activated his lights, and appellant fled. 

 Appellant ultimately led law enforcement officers from three agencies on a fifteen-mile high-speed chase into Texas, during which he drove at speeds, 50 to 70 miles per hour, that caused his
truck to fishtail on turns and reduced appellant's ability to control it. Appellant disregarded traffic
signs and signals, drove erratically, wove between lanes and within lanes, turned abruptly into a
construction zone, knocking down barricades as he did so, and drove on the wrong side on the
highway. Lieutenant Mowery testified that "some" traffic was present on the road during the chase.
The pursuit ended when appellant turned into a mobile-home park and abandoned his still moving
truck to flee on foot, thus allowing the truck to roll into a parked van, which then hit a mobile home. (5)

Analysis

 The Code of Criminal Procedure directs the trial court to submit to the jury any issue that is
raised by the facts, Tex. Code Crim. Proc. art. 36.14, and authorizes a deadly weapon finding upon
sufficient evidence that a defendant "used or exhibited" a deadly weapon during the commission of
or flight from a felony offense, Tex. Code Crim. Proc. art. 42.12 § 3g(a)(2). A deadly weapon is
anything that "in the manner of its use or intended use is capable of causing death or serious bodily
injury." Tex. Penal Code § 1.07(a)(17)(B). In this instance, the jury answered the deadly weapon
finding affirmatively. If the court of appeals properly determines that the state failed to show that
a defendant used a deadly weapon in the commission of an offense, that court may delete the deadly
weapon finding. Narron v. State, 835 S.W.2d 642, 644 (Tex. Crim. App. 1992). 

Legal Sufficiency

 The inquiry on review of the legal sufficiency of the evidence to support a criminal
conviction is whether any rational trier of fact could have found the essential elements of the crime
beyond a reasonable doubt after viewing the evidence in a light most favorable to the prosecution. 
Cates v. State, 102 S.W.3d 735, 738 (Tex. Crim. App. 2003)(citing Jackson v. Virginia, 443 U.S.
307, 318-19 (1979)). To hold evidence legally sufficient to sustain a deadly weapon finding, the
evidence must demonstrate that: (1) the object meets the statutory definition of a dangerous weapon,
Tex. Penal Code § 1.07(a)(17)(B); (2) the deadly weapon was used or exhibited "during the
transaction from which" the felony conviction was obtained, Ex parte Jones, 957 S.W.2d 849, 851
(Tex. Crim. App. 1997); and (3) that other people were put in actual danger. Cates, 102 S.W.3d at
738. 

 Objects that are not usually considered dangerous weapons may become so, depending on
the manner in which they are used during the commission of an offense. Thomas v. State, 821
S.W.2d 616, 620 (Tex. Crim. App. 1991). A motor vehicle may become a deadly weapon if the
manner of its use is capable of causing death or serious bodily injury. Ex parte McKithan, 838
S.W.2d 560, 561 (Tex. Crim. App. 1992). Specific intent to use a motor vehicle as a deadly weapon
is not required. McCain v. State, 22 S.W.3d 497, 503 (Tex. Crim. App. 2000); Walker v. State, 897
S.W.2d 812, 814 (Tex. Crim. App. 1995). 

 Appellant's manner of using of his truck posed a danger to pursuing officers and other
motorists that was more than simply hypothetical; the danger was real, and the manner in which
appellant drove his truck made it capable of causing death or serious bodily injury, particularly where
appellant drove on the wrong side of the highway. (6) We find that the evidence in this case, viewed
in a light most favorable to the prosecution, supports a conclusion that a rational trier of fact could
have found the legal elements of evading detention and using a vehicle as a deadly weapon beyond
a reasonable doubt. 

Factual Sufficiency 

 Reading Williams, Davis, and Mann together, the court of appeals concluded that appellant's
actions constituted reckless driving, but that the record lacked sufficiently specific evidence to justify
a deadly weapon finding because the pursuing officers and other motorists were not in actual danger. 
In support of this conclusion, the court of appeals found that appellant had not put other motorists
into a zone of danger because Lieutenant Mowery had testified that only "some" traffic was present
on the road during the chase and that appellant neither attempted to strike motorists with his vehicle
nor forced motorists to take evasive action. Drichas, 152 S.W.3d at 638. 

 In a factual-sufficiency analysis, the evidence is viewed in a neutral light. Clewis v. State, 922
S.W.2d 126, 134 (Tex. Crim. App. 1996). While the court of appeals may disagree with the jury's
conclusions, it must also exercise appropriate deference in order to avoid substituting its judgment
for that of the jury, particularly in matters of credibility. Clewis, 922 S.W.2d at 133. There are two
ways in which a court may find the evidence to be factually insufficient: the evidence supporting the
finding, considered alone, is too weak to support the jury's finding beyond a reasonable doubt; or
the contravening evidence is so strong that the state could not have met its burden of proof. Zuniga
v. State, 144 S.W.3d 477, 484-85 (Tex. Crim. App. 2004). Reversal of the judgment and remand
for a new trial is the proper remedy when a court of appeals finds that evidence is factually
insufficient. Id. at 482. 

 Generally, courts should interpret a statute in light of its plain language. Boykin v. State, 818
S.W.2d 782, 785 (Tex. Crim. App. 1991). While the court of appeals is correct in noting that the
danger posed to motorists must be actual, and not simply hypothetical, the statute itself does not
require pursuing police officers or other motorists to be in a zone of danger, take evasive action, or
require appellant to intentionally strike another vehicle to justify a deadly weapon finding. The
volume of traffic on the road is relevant only if no traffic exists. Williams, 946 S.W.2d at 435-36. 
The plain language of the statute indicates that a deadly weapon finding will be sustained if the
definition of a deadly weapon is met. Capability is evaluated based on the circumstances that existed
at the time of the offense. Williams, 946 S.W.2d at 435. The statute specifically pertains to motor
vehicles, so a deadly weapon finding is appropriate on a sufficient showing of actual danger, such
as evidence that another motorist was on the highway at the same time and place as the defendant
when the defendant drove in a dangerous manner. Mann, 13 S.W.3d at 92. We do not suggest that
a defendant should be charged with using a vehicle as a deadly weapon every time the offense of
evading arrest or detention is committed. The determination to seek a deadly weapon finding in
those circumstances is a fact-specific inquiry, and the facts will not always support such a finding. 

 In reviewing factual sufficiency of the evidence, we are limited to determining whether the
court of appeals used the correct standard of review. Zuniga, 144 S.W.3d at 482. Although the court
of appeals correctly cited the standard of review for examining factual sufficiency, the court failed
to indicate which grounds, according to Zuniga, necessitate a finding of factual insufficiency. The
court simply cited to portions of the trial record and stated that the evidence was factually
insufficient to support a deadly weapon finding because the state failed to show actual danger. 
However, the court misconstrued the actual danger requirement by equating a deadly weapon's
capability of causing death or serious bodily injury with its probability of doing, thus reading into
the statute an additional requirement of evasive action or zone of danger. 

 We reverse the judgment of the court of appeals concerning the legal sufficiency of the
evidence and remand the cause to the court of appeals for a factual-sufficiency analysis consistent
with this opinion. 


 Johnson, J. 



En banc

Delivered: October 19, 2005

Publish 


1. 946 S.W.2d 432 (Tex. App.-- Fort Worth 1997), rev'd in part on other grounds, 970 S.W.2d 566 (Tex.
Crim. App. 1998).
2. 964 S.W.2d 352 (Tex. App.-- Fort Worth 1998).
3. 13 S.W.3d 89 (Tex. App.-- Austin 2000), aff'd, 58 S.W.3d 132 (Tex. Crim. App. 2001).
4. "Whether in finding the evidence legally and factually insufficient to support the jury's finding that
Drichas used his truck as a deadly weapon, the court of appeals misapplied and misconstrued the standard for
reviewing claims of evidentiary insufficiency relating to a deadly weapon finding and, in so doing, essentially altered
the definition of a deadly weapon."
5. The record does not reflect whether the mobile home was occupied at the time of the impact.
6. Lieutenant Mowery testified that he observed appellant driving the wrong way on the highway during the
chase, and although he admitted that he never saw any motorists swerve to avoid hitting appellant's truck, he stated
that "we were meeting some traffic somewhere around that point there."