NO. 07-05-0157-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

APRIL 25, 2006
_____

BRENDA THAXTON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;

NO. 3676; HON. RON ENNS, PRESIDING
_____

*Opinion*
_____

Before QUINN, C.J., and REAVIS and CAMPBELL, JJ.

Brenda Thaxton (appellant) appeals her conviction for injury to a child and the deadly weapon finding of the jury. The conviction involved appellant's failure to protect her two-year-old son from the continual, heinous, and obvious brutality visited upon him by her live-in boyfriend. The assaults culminated in the death of the child. No one contends that appellant personally struck or otherwise assaulted her son, only that she did not stop her boyfriend from beating him. Nor does anyone contend that she encouraged, aided, or assisted in the beatings via means other than by not preventing them. And, those are the

circumstances underlying her two issues on appeal. Through them, appellant asserts that the evidence was legally and factually insufficient to support the jury's finding that she used or exhibited a deadly weapon when neglecting to protect the child from her boyfriend. We sustain the first issue and modify the judgment.

Through the charge, the jurors were asked whether appellant "knowingly, by omission, cause[d] serious bodily injury [to her son] . . . by failing to remove [him] from the presence of Nathan Felder, a person [she] knew posed a threat to the health and safety of [her son], . . . at a time when [she] had a legal duty to act because [she] was the mother . . . ." So too were they asked if "[d]efendant did use or exhibit a deadly weapon, to wit: the hand or hands of Nathan Felder and/or a blunt object . . . during the commission of the offense . . . ." Both questions were answered in the affirmative. Yet, according to appellant, the jury could not so answer the latter. The reasons for this are twofold. First, one cannot, as a matter of law, use a deadly weapon when performing crimes of omission. We immediately reject this contention for the Court of Criminal Appeals has held otherwise. *Hill v. State*, 913 S.W.2d 581, 583 (Tex. Crim. App. 1996) (holding that the use of belts, chains, and locks to prevent the child from eating constituted the use of a deadly weapon in denying food to the child).

Appellant's second ground, however, is more problematic. Through it, she asserts that one cannot find that she used a deadly weapon when the weapon contemplated was actually wielded by another, and the State omitted (as it did here) to secure a party charge. We agree under the circumstances present here.

As previously mentioned, the offense charged and submitted to the jury consisted of appellant causing her son "serious bodily injury . . . by failing to remove [him] from the

2

presence of Nathan Felder . . . ."  Furthermore, the jury had to decide if the "*Defendant* did use or exhibit a deadly weapon" during the commission of the offense.  (Emphasis added).  So, it was incumbent upon the State to prove, beyond reasonable doubt, that appellant herself (not her boyfriend or anyone else) "use[d] or exhibited" the deadly weapon.  *See Hill v. State*, 913 S.W.2d at 583 (acknowledging that the State had to prove "beyond a reasonable doubt appellant used a deadly weapon").  And, it could have satisfied that burden by illustrating appellant in any way employed, applied, or utilized the weapon or possessed it "if such possession facilitat[ed] the associated felony," *Coleman v. State*, 145 S.W.3d 649, 652 (Tex. Crim. App. 2004) (so defining the term "use"); *Hill v.* State, 913 S.W.2d at 583 (similarly defining the term), or consciously showed, displayed or presented the weapon.  *Coleman v. State*, 145 S.W.3d at 652 (so defining the term "exhibit").

Here, the evidence illustrates that Felder, not appellant, struck the child with either his hands or some blunt instrument.  Simply put, he is the one that used the deadly weapon.  There is no evidence of appellant somehow grasping, manipulating, utilizing, controlling, employing, applying, or consciously showing or displaying her boyfriend's hands or a blunt object to either 1) create a condition necessitating action, *see Hill v. State, supra*, (wherein the chains and belts were used to restrain the child and thereby create the condition that required the parents to act), or 2) facilitate her personal neglect once the need to act arose.  And, without that evidence or at least an allegation that she was a party to the offense committed by Felder, the State failed to carry its burden to prove she personally used or exhibited the deadly weapon.

We acknowledge the heinous nature of the crimes committed upon the child as well as the myriad and novel arguments posed by the State to secure affirmance.  Yet, we

3

cannot escape that which the State concedes in its appellate brief. The situation before us "has not been specifically addressed by [penal] statute . . . ." So, while the State urges that logic, policy, and reason support acceptance of the findings and judgment, none of those indicia empower us to rewrite the penal laws of Texas or *sua sponte* create a penal law. That job belongs to the legislature.

In sum, when the State charges one as a principal (as opposed to a party) and tries one for personally using or exhibiting a deadly weapon, it must prove, beyond reasonable doubt, that the accused personally used or exhibited the weapon. And, while the State undertook the former here, it failed in the latter. So, because no evidence exists upon which a rational jury could reasonably conclude that appellant used or exhibited the deadly weapon during or immediately after omitting to help her child, the jury's finding that she did lacks the support of legally sufficient evidence.

We strike from the judgment the finding that appellant used or exhibited a deadly weapon and otherwise affirm the judgment and conviction as modified. *See Drichas v. State,* 175 S.W.3d 795, 798 (Tex. Crim. App. 2005) (allowing the appellate court to strike the deadly weapon finding when it lacks the support of legally sufficient evidence).

Brian Quinn
Publish.                                    Chief Justice

4