

# COURT OF APPEALS
## SECOND DISTRICT OF TEXAS
### FORT WORTH

## NO. 2-07-373-CR

VERLEE ALBERT, JR.                                    APPELLANT

V.

THE STATE OF TEXAS                                         STATE

------------

FROM THE 211TH DISTRICT COURT OF DENTON COUNTY

------------

## MEMORANDUM OPINION[1]

------------

Appellant Verlee Albert, Jr. appeals his conviction for aggravated robbery. In two points, he argues that the evidence is legally and factually insufficient to support the jury's finding that he caused bodily injury to the complainant by grabbing her arm. We affirm.

---

[1] *See* TEX. R. APP. P. 47.4.

## Background

The complainant, Vivian Pozil, is an eighty-one-year-old greeter at a Wal-Mart store. She testified that one day while she was working as the greeter, Appellant pushed a shopping cart of merchandise past the exit door's theft-detection equipment, setting off the theft-detection alarm. Pozil testified that she approached Appellant and asked to see his receipt, as she always does when the alarm sounds. Appellant continued to walk toward the exit. Pozil walked beside the cart and asked to see Appellant's receipt several more times, but Appellant did not stop.

Pozil testified that she "took ahold" of the cart, asked Appellant to stop, and "hung on to [the cart] tight so he couldn't move [it]. . . . I wasn't about to let it go out the door." She said Appellant shook the cart three or four times and then grabbed her arm. Another customer, Christopher Runge, saw what was happening and approached to assist Pozil. Runge testified that Pozil was "latched on to the cart" and that Appellant grabbed Pozil's arm and "reached across the cart and was trying to pull her hand off the cart so he could get the cart out [the door]."

When Runge approached, Appellant released Pozil's arm, grabbed a bag or two from the cart, and fled the store. Runge pursued him into the parking lot, watched him enter a vehicle apparently waiting for him, followed

2

Appellant's vehicle with his own, and reported the vehicle's location to police. The police stopped the vehicle and apprehended Appellant with merchandise from the store.

Pozil testified that she did not initially realize that Appellant had injured her arm, but her arm began to hurt and swell and "it wasn't long until [it] was red from the wrist up to the elbow." By the time she left to go home that night the redness was turning into black and blue. Her husband testified that her arm was uninjured when she left for work that day, but it was bright red when she returned home, and "[a] couple of days later it was really dark blue."

Appellant testified in his own defense. He admitted that he was in the process of stealing merchandise from the Wal-Mart[2] when Pozil confronted him. He testified that when Pozil grabbed the front of his cart—which, he said, contained eight cases of beer, among other items—the cart started to tip toward her, so he placed himself between her and the cart to protect her. He testified that after righting the cart, he turned it around, gave it to Pozil, and walked out of the store.

The grand jury indicted Appellant for aggravated robbery, as follows:

---

[2] Appellant testified that he had stolen from other Wal-Marts that same day.

[Appellant] did then and there, while in the course of committing theft of property and with intent to obtain or maintain control of said property, intentionally, knowingly, or recklessly cause bodily injury to Vivian Pozil, a person 65 years of age or older by shoving her with the defendant's hand and grabbing her arm . . . .

*See* TEX. PENAL CODE ANN. § 29.03(a)(3)(A) (Vernon 2003).  The application paragraph of the jury charge tracked the indictment, except that it used the disjunctive "or" instead of the conjunctive "and" between "shoving her with [his] hand" and "grabbing her arm."  A jury found Appellant guilty, found an enhancement allegation to be true, and assessed punishment at twenty-three years' confinement.

On appeal, Appellant concedes that the evidence is sufficient to prove the elements of aggravated robbery but argues that the evidence is legally and factually insufficient to prove the means of commission of bodily injury alleged in the indictment, "shoving [Pozil] with the defendant's hand and grabbing her arm."

### Standards of Review

When reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to the prosecution in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  *Jackson*

4

*v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

When reviewing the factual sufficiency of the evidence to support a conviction, we view all the evidence in a neutral light, favoring neither party. *Watson v. State*, 204 S.W.3d 404, 414 (Tex. Crim. App. 2006); *Drichas v. State*, 175 S.W.3d 795, 799 (Tex. Crim. App. 2005). We then ask whether the evidence supporting the conviction, although legally sufficient, is nevertheless so weak that the fact-finder's determination is clearly wrong and manifestly unjust or whether conflicting evidence so greatly outweighs the evidence supporting the conviction that the fact-finder's determination is manifestly unjust. *Watson*, 204 S.W.3d at 414–15, 417; *Johnson v. State*, 23 S.W.3d 1, 11 (Tex. Crim. App. 2000). To reverse under the second ground, we must determine, with some objective basis in the record, that the great weight and preponderance of all the evidence, though legally sufficient, contradicts the verdict. *Watson*, 204 S.W.3d at 417.

**Discussion**

Appellant argues that the evidence is legally and factually insufficient to support the jury's verdict that he caused bodily injury to Pozil by shoving her

5

with his hand or grabbing her arm.[3] He also argues that while the evidence "no doubt establishes the possibility that [Pozil's] injury occurred when the Appellant was grasping [her] arm," the evidence makes it just as likely that the injury was caused while Appellant was shaking the cart while Pozil was holding onto it, thus creating a material variance between the means of injury alleged in the indictment and the means proved at trial.

There is no evidence in the record that Appellant shoved Pozil with his hand. But Pozil and Runge both testified that Appellant grabbed her arm. Pozil testified that her arm later hurt and turned red, and her husband testified that it turned blue a couple of days later.

Considering the evidence in the light most favorable to the verdict, a rational trier of fact could have found beyond a reasonable doubt that Appellant injured Pozil by grabbing her arm; thus, the evidence is legally sufficient. *See Clayton*, 235 S.W.3d at 778.

Considering the evidence in a neutral light, we cannot say that it is so weak that the jury's verdict is clearly wrong or manifestly unjust. *See Watson*, 204 S.W.3d at 414–15. Nor does the contrary evidence—Appellant's own testimony that he did not grab Pozil's arm and instead saved her from being

---

[3] Appellant concedes that our analysis is governed by the alternative means submitted disjunctively to the jury in the charge rather than conjunctively as alleged in the indictment. *See Lawton v. State*, 913 S.W.2d 542, 551 (Tex. Crim. App. 1995), *cert. denied*, 519 U.S. 826 (1996).

crushed by the beer-laden cart—so greatly outweigh the evidence supporting the verdict as to render it manifestly unjust. *See id.* at 417. Thus, the evidence is factually sufficient. *See id.*

As for Appellant's material discrepancy argument, a variance occurs when there is a discrepancy between the allegation in the charging instrument and the proof at trial. *Gollihar v. State*, 46 S.W.3d 243, 246 (Tex. Crim. App. 2001). Only a material variance that prejudices a defendant's substantial rights will render the evidence insufficient. *Id.* at 257. Here, the evidence was legally and factually sufficient to support a finding that Appellant injured Pozil by grabbing her arm as alleged in the indictment; thus, there is no variance between the indictment and the evidence. The possibility that the injury occurred when Appellant shook the cart was an evidentiary conflict for the jury to resolve. *See Sartain v. State*, 228 S.W.3d 416, 424 (Tex. App.—Fort Worth 2007, pet. ref'd). The jury resolved it against Appellant.

**Conclusion**

We overrule Appellant's two points and affirm the trial court's judgment.

PER CURIAM

PANEL F:    GARDNER, HOLMAN, and WALKER, JJ.

DO NOT PUBLISH
TEX. R. APP. P. 47.2(b)

DELIVERED:  June 5, 2008

7