Affirmed and Memorandum Opinion
filed April 27, 2010.

 

In
The

Fourteenth
Court of Appeals



NO. 14-08-01160-CR



Rey Barrera, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 23rd District Court

Brazoria County, Texas

Trial Court
Cause No. 53933



 

MEMORANDUM OPINION 

Appellant Rey Barrera challenges the legal
sufficiency of the evidence to support his conviction for aggravated assault
with a deadly weapon.  We affirm.

Factual and Procedural
Background

            Appellant is an inmate at a correctional unit. 
He is serving a prison sentence for a prior unrelated offense.  Appellant was
charged by indictment with two offenses stemming from two separate incidents
involving correctional officers:  in count one, aggravated assault with a
deadly weapon, and in count two, assault on a public servant.  Appellant’s
appellate challenge relates to count one.  In the indictment for count one, the
State alleged that appellant intentionally, knowingly, or recklessly caused
bodily injury to Moses Ojiemuada, a correctional officer, by using or
exhibiting a deadly weapon, namely a sharpened piece of Plexiglas.  Appellant
pleaded “not guilty” to the charged offenses and a trial ensued.

            Evidence
presented at trial revealed that appellant was housed alone in cell 24, located
beside a wall at the end of a row of cells.  Officer Ojiemuada, as part of his
duties, had been serving meals to the prisoners by opening a slot in the
prisoners’ cell doors and sliding a tray of food through the slot.  Officer
Ojiemuada had run out of juice at cell 18 or 19, well before he reached
appellant’s cell; however, he opened the slot in appellant’s cell door and placed
a tray of food in the slot.  Officer Ojiemuada left the slot open so that he
could pass juice to appellant later when an inmate assistant brought more juice. 
When he had more juice, Officer Ojiemuada returned to cell 18 or 19 and began
offering juice to those prisoners first.  

Officer Ojiemuada learned from another prisoner that
appellant, in cell 24, needed to speak with him.  According to Officer
Ojiemuada, he approached appellant’s cell, bent slightly towards the open slot
to speak with appellant, and saw appellant standing by the cell door.  Within
five to ten seconds, he saw appellant reach through the open slot and stab him
below his lip with an object and then quickly pull his hand back inside the
cell.  Officer Ojiemuada described seeing appellant “raise up with a sword like
a plastic sharp something,” explaining that the object looked like plastic or
metal.  He motioned with his hands that the instrument appellant used was
roughly twelve inches long, but he admitted he did not really know the object’s
dimensions.  He acknowledged he did not have an opportunity to get a good look
at the object because the incident happened quickly.  He sustained minor
injuries, for which he received medical treatment, and was able to return to
work later that day.  He claimed that the injury hurt and scared him, noting
that he could have been stabbed in the eye had he not reacted quickly by
raising his head.  At trial, Officer Ojiemuada identified appellant as the
person involved in the incident.

            Another
correctional officer searched appellant’s cell following the incident and found
an instrument that had a sharp edge at one end.  The other end of the
instrument was wrapped as if to fashion a handle.  The instrument was admitted
into evidence.  The officer testified that the instrument appeared to have come
from a mirror and was hidden in a tiny space below the sink in appellant’s cell. 
Officer Ojiemuada knew of a weapon that was eventually recovered from
appellant’s cell during the search, but he did not see that weapon recovered in
the search.  

An investigator at the correctional center processed
the instrument for fingerprints, finding three partial prints, although the
quality of the prints rendered the prints unusable for comparison.  The
investigator opined that the instrument found in appellant’s cell was a weapon
capable of causing serious bodily injury or death.

            The jury found
appellant guilty of the charged offenses.  The trial judge assessed punishment
at fifty years’ confinement for each count.  The trial judge ordered the
sentences to be served concurrently and to commence when the sentence appellant
already was serving “ceases to operate.”

Legal Sufficiency Analysis

In a single issue, appellant challenges the legal
sufficiency of the evidence to support his conviction for the offense of
aggravated assault with a deadly weapon.  When evaluating a challenge to the
legal sufficiency of the evidence, we view the evidence in the light most
favorable to the verdict.  Wesbrook v. State, 29 S.W.3d 103, 111 (Tex.
Crim. App. 2000).  The issue on appeal is not whether we, as a court, believe
the State’s evidence or believe that appellant’s evidence outweighs the State’s
evidence.  Wicker v. State, 667 S.W.2d 137, 143 (Tex. Crim. App. 1984). 
The verdict may not be overturned unless it is irrational or unsupported by
proof beyond a reasonable doubt.  Matson v. State, 819 S.W.2d 839, 846
(Tex. Crim. App. 1991).  The jury, as the trier of fact “is the sole judge of
the credibility of the witnesses and of the strength of the evidence.”  Fuentes
v. State, 991 S.W.2d 267, 271 (Tex. Crim. App. 1999).  The jury may choose
to believe or disbelieve any portion of the witnesses’ testimony.  Sharp v.
State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  When faced with
conflicting evidence, we presume the trier of fact resolved conflicts in favor
of the prevailing party.  Turro v. State 867 S.W.2d 43, 47 (Tex. Crim.
App. 1993).  Therefore, if any rational trier of fact could have found the
essential elements of the crime beyond a reasonable doubt, we must affirm.  McDuff
v. State, 939 S.W.2d 607, 614 (Tex. Crim. App. 1997).  

A person commits the offense of assault if that
person intentionally, knowingly, or recklessly causes bodily injury to
another.  Tex. Penal Code Ann. §
22.01(a)(1) (Vernon Supp. 2009).  The offense becomes aggravated assault if the
person committing the assault uses a deadly weapon during the commission of the
offense.  Tex. Penal Code Ann. §
22.02(a)(2) (Vernon Supp. 2009).  A deadly weapon is defined as “a firearm or
anything manifestly designed, made, or adapted for the purpose of inflicting
death or serious bodily injury” or “anything that in the manner of its use or
intended use is capable of causing death or serious bodily injury.”  Tex. Penal Code Ann. § 1.07(a)(17)
(Vernon Supp. 2009).  

Officer Ojiemuada’s testimony refutes appellant’s
claims that the State failed to prove that he was the person responsible for
the officer’s injuries.  Appellant points to Officer Ojiemuada’s testimony as
not providing a reasonably clear explanation as to where he stood at the time
of the assault, who hit him, or what hit him in the face.  According to the
testimony at trial, Officer Ojiemuada was called to appellant’s cell, approached
appellant’s cell, and bent forward slightly toward the open food slot.  Photos
entered into evidence depict the officer standing outside of the cell to the
right of the food slot in the cell door.  The photo shows that the officer
could see into the cell through the mesh covering that separated the officer
from an offender inside the cell.  According to Officer Ojiemuada’s testimony,
the photos depict his stance as he was positioned just before he was struck. 
Officer Ojiemuada testified that he was standing outside of appellant’s cell
beside the open food slot at the time of the assault.  He claimed to have seen
appellant standing on the other side of the mesh.  Officer Ojiemuada testified
that as he bent toward the open food slot in appellant’s cell door, appellant
reached through the slot and stabbed the officer with what the officer
described as a sword made of plastic or metal.  Officer Ojiemuada admitted he
did not get a good look at the weapon used in the attack; however, he testified
the object appeared to be made of plastic or metal.  Although appellant raises
the possibility that another offender could have struck the officer, including
the offender in the hallway who was assisting the officer, Officer Ojiemuada
testified repeatedly that appellant was the person who struck him through the
open food slot of cell 24.  None of the evidence supports appellant’s proposed
theory of a different attacker.  As the trier of fact, the jury was the sole
judge of the credibility of the witnesses and of the strength of the evidence, and
the jury could choose to believe or disbelieve any portion of the witnesses’
testimony.  See Fuentes, 991 S.W.2d at 271; Sharp, 707 S.W.2d at
614.  The jury was entitled to believe Officer Ojiemuada’s identification of
his assailant.  See Harvey v. State, 3 S.W.3d 170, 174–75 (Tex.
App.—Houston [14th Dist.] 1999, pet. ref’d) (affirming conviction for
aggravated assault when identification of the accused was made by complainant
who was a few feet away from the accused). 

Homemade weapons or “shanks”
can be considered deadly weapons.  See Thomas v. State, 821 S.W.2d 616,
620 (Tex. Crim. App. 1991); Berry v. State, 833 S.W.2d 332, 334 (Tex.
App.—Waco 1992, no pet.) (providing that “shanks” are homemade devices for
stabbing common in penal institutions).  The Texas Penal Code does not require
that an actor intend to cause death or serious bodily injury in using or
exhibiting a deadly weapon.  See McCain v. State, 22 S.W.3d 497, 503
(Tex. Crim. App. 2000).  Whether an object, in its use or intended use, is
capable of causing death or serious bodily injury must be evaluated in light of
the facts that existed when the assault was committed.  See Drichas v. State,
175 S.W.3d 795, 799 (Tex. Crim. App. 2005).  Officer Ojiemuada testified that
appellant struck him below the lip with an object like a sword made of plastic
or metal.  According to Officer Ojiemuada, the resulting wound required medical
treatment, and, had he not raised his head as quickly, he could have been
struck in the eye.  An investigator testified that the item recovered from
appellant’s cell was capable of causing serious bodily injury.  See Tex. Penal Code Ann. § 1.07(a)(17).  

Appellant also claims the
State failed to prove that the instrument found in appellant’s cell was the object
that struck the officer.  The record contains evidence that a subsequent search
of appellant’s cell yielded a weapon made from a mirror with a sharp edge and a
padded handle.  In a sufficiency review, a reviewing court may consider both
direct and circumstantial evidence, and all reasonable inferences that may be
drawn therefrom.  Clayton v. State, 235 S.W.3d 772, 778 (Tex. Crim. App.
2007).  Although investigators could not recover fingerprints from the weapon, the
weapon was recovered from a cell occupied solely by appellant within immediate
proximity to appellant soon after the incident.  See, e.g., Smith v.
State, 51 S.W.3d 806, 809 (Tex. App.—Texarkana 2001, no pet.) (involving a
shank found in an accused’s cell a day after an aggravated assault with a
deadly weapon as legally sufficient to support the conviction).  The jury reasonably
could have inferred that the weapon recovered from appellant’s cell was the
same object Officer Ojiemuada described as the plastic or metal object
appellant used to strike him.  See, e.g., id.  

Viewing the evidence adduced at trial in the light
most favorable to the verdict, a rational trier of fact could have concluded beyond
a reasonable doubt that appellant assaulted the officer and used a deadly
weapon in the commission of the assault.  See Tex. Penal Code Ann. §§ 22.01(a)(1), 22.02(a)(2), 1.07(a)(17);
see, e.g., Smith, 51 S.W.3d at 809.  Accordingly, we conclude the
evidence is legally sufficient to support appellant’s conviction of aggravated
assault with a deadly weapon.  We overrule appellant’s sole issue. 

The trial court’s
judgment is affirmed.

                                                                                    

                                                                        /s/        Kem
Thompson Frost

                                                                                    Justice

 

 

 

Panel consists of Justices Yates,
Frost, and Brown.

Do Not Publish — Tex. R. App. P. 47.2(b).