COURT OF APPEALS
EIGHTH DISTRICT OF TEXAS
EL PASO, TEXAS

| | § | |
|---|---|---|
| LESLIE TIMOTHY CREIGHTON, | | No. 08-09-00022-CR |
| | § | |
| Appellant, | | Appeal from the |
| | § | |
| V. | | 204th Criminal District Court |
| | § | |
| THE STATE OF TEXAS, | | of Dallas County, Texas |
| | § | |
| Appellee. | | (TC# F-08-12700-Q) |
| | § | |
| | § | |

**O P I N I O N**

A jury convicted Appellant of aggravated assault against a public servant with a deadly weapon. He was sentenced to 6 years' confinement and a $2,500 fine.[1] On appeal, Appellant argues that the trial court erred because the evidence is factually insufficient to support his conviction for aggravated assault of a public servant with a deadly weapon. We affirm.

Firefighter Ronald Landis was in the emergency bay at Baylor Hospital on January 11, 2008, when a woman approached him and reported that a man was assaulting a woman in a car across the street. Landis saw a man standing by the driver's side door of a vehicle, and the man was screaming at somebody inside the vehicle. He then told Officer Vernita Allen, a security officer at the hospital what he had seen and she called the police.

---

[1] Appellant was convicted at trial of aggravated assault against a public servant with a deadly weapon and evading arrest or detention using a motor vehicle, and he was sentenced concurrently for the two offenses. Appellant has appealed both convictions and this Court has addressed them as companion cases.

When Landis and Officer Allen arrived at the parking lot, they saw the man, who was later identified as Appellant, still standing outside the car and arguing with a woman who was sitting on the passenger's side. Then, Officer Mateo D. Villareal and another officer arrived on the scene.[2] Officer Villareal identified himself to Appellant, and looked into the vehicle with a flashlight while standing beside the rear passenger's side of the vehicle. Officer Villareal told Appellant to wait because he wanted to talk to him, but Appellant got in the car and started backing up. Officer Villareal and another officer had to step out of the way as Appellant backed the vehicle. Appellant then put the vehicle into forward and turned its wheels towards Officer Villareal, and drove forward. Officer Villareal jumped out of the way as Appellant drove towards him, and the officers eventually lost sight of Appellant as he continued through the parking lot.

Meanwhile, Officer Henry Vargas responding to a dispatch arrived at the parking lot and saw a Jeep Cherokee heading towards the main exit. The officer turned on his lights and siren, and started following the Jeep that drove through a wooden exit gate arm. After chasing the Jeep for a substantial distance, it eventually pulled over and stopped. Officer Vargas pulled in front and exited his patrol car, with his weapon drawn. Officer Stanley G. Snead arrived as back up. Officers Vargas and Snead drew their weapons and told the driver to keep his hands on the steering wheel. Appellant was identified as the driver of the Jeep.

Appellant was indicted for the offense of aggravated assault of a public servant with a

---

[2] Officer Villareal is a police officer at the Baylor Health Care System Department of Public Safety.

deadly weapon.[3] He entered a plea of not guilty to a jury. The jury found him guilty of first degree felony, and assessed punishment at six years' confinement and a $2,500 fine. Appellant filed a notice of appeal to appeal this judgment of conviction on November 12, 2008.

In two issues, Appellant argues the evidence is factually insufficient to support his conviction for aggravated assault of a public servant. However, since Appellant's brief was filed, the Texas Court of Criminal Appeals has ruled that the only standard applicable to determine whether the evidence is sufficient to support each element of a criminal offense is the *Jackson v. Virginia* legal sufficiency standard. *See Brooks v. State*, 323 S.W.3d 893, 912 (Tex.Crim.App. 2010). Therefore, in the interests of justice, and in light of the *Brooks* decision, we will construe Issues One and Two as challenges to the legal sufficiency of the evidence. *See id*. at 898-900.

A legal sufficiency review requires the appellate court to determine whether, "[c]onsidering all the evidence in the light most favorable to the verdict, was a jury rationally justified in finding guilt beyond a reasonable doubt." *See Brooks*, 323 S.W.3d at 899, *citing Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979). When conducting such a review, this Court is required to defer to the jury's role as the sole judge of witness credibility, and the weight of their testimony is to be afforded. *Brooks*, 323 S.W.3d at 899.

A person commits assault if he intentionally or knowingly threatens another with imminent bodily injury. TEX.PENAL CODE ANN. § 22.01(a)(2)(West Supp. 2010). The statute elevates simple assault to aggravated assault when the person "uses or exhibits a deadly weapon during the commission of the assault." TEX.PENAL CODE ANN. § 22.02(a)(2). When a person

---

[3] The aggravated assault offense was with respect to Officer Villareal.

commits aggravated assault against a person he knows is a public servant while the public servant is lawfully discharging an official duty, the offense is a first degree felony. *Id*. at § 22.02(b)(2)(B).

In Issue One, Appellant argues the evidence is factually insufficient to establish that he had the intent to threaten Officer Villareal with imminent bodily harm. He asserts the evidence showed he intended to leave the scene, and not to hit or threaten Officer Villareal with the vehicle. Appellant argues the evidence showed that he turned the wheels of his vehicle to the right, and that he did not run onto the curb where Officer Villareal stood, which indicate he lacked an intent to hit the officer. Finally, Appellant claims the evidence is factually insufficient to show that he was aware Officer Villareal was a police officer instead of a security guard. Appellant contends there was an absence of clear evidence indicating he knew that Officer Villareal was the person yelling for him to stop on the night of the incident because there were other security guards nearby as well.

At trial, Officer Villareal testified he was dressed in full police uniform with a police badge "prominently displayed" on his chest on the night in question. In his brief, Appellant agrees Officer Villareal was in police uniform when he arrived on the scene. Section 22.02(c) of the Penal Code creates a presumption that an accused knew that "the person assaulted was a public servant . . . if the person was wearing a distinctive uniform or badge indicating the person's employment as a public servant . . . ." TEX.PENAL CODE ANN. § 22.02(c)(West Supp. 2010). Therefore, we determine the evidence is factually sufficient to establish the statutory presumption that Appellant knew Officer Villareal was a public servant.

The Penal Code provides that "[a] person acts intentionally . . . with respect to the nature

-4-

of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result." TEX.PENAL CODE ANN. § 6.03(a)(West 2003). A person acts knowingly with respect to the nature of his conduct "when he is aware of the nature of his conduct or that the circumstances exist." *Id*. at § 6.03(b). A defendant's intent or knowledge is a question of fact, which is determined from the totality of the circumstances. *See Smith v. State*, 965 S.W.2d 509, 518 (Tex.Crim.App. 1998); *Dobbins v. State*, 228 S.W.3d 761, 764 (Tex.App.-- Houston [14th Dist.] 2007, pet. dism'd, untimely filed). The State can prove a defendant's intent or knowledge without evidence of threatening language or gestures, and the jury may infer the existence of either mental state from any facts tending to prove its existence, including the defendant's acts, words, and conduct. *Dobbins*, 228 S.W.3d at 765.

The evidence, taken in the light most favorable to the verdict, shows that when Officer Villareal arrived on the scene, he approached the passenger side of Appellant's vehicle and indicated in a very loud voice that he needed to talk to Appellant. Appellant did not follow the officer's instructions, and instead began backing his vehicle. Appellant then stopped, put his vehicle into drive, and turned the vehicle's wheels towards Officer Villareal, who was standing about ten feet away from the front of Appellant's vehicle. After Officer Villareal yelled at Appellant to stop several times, and Appellant failed to do so, the officer pulled a gun from his holster and pointed it towards the vehicle. According to Officer Villareal, he took out his gun because he "was in imminent fear of [his] life." Appellant subsequently accelerated towards the officer, which required Officer Villareal to jump onto a curb to get out of harm's way. Several officers testified Appellant's tires screeched as he drove towards Officer Villareal, and this sound indicated Appellant was not planning to stop his vehicle. According to Landis, Appellant could

-5-

have gone by Officer Villareal "without turning the wheels at all towards him."

Having reviewed the record in the light most favorable to Appellant's verdict of aggravated assault of a public servant with a deadly weapon, we conclude the jury was rationally justified in finding Appellant had the requisite intent to commit the charged offense. *See Brooks*, 323 S.W.3d at 899. We conclude the evidence is legally sufficient to show Appellant intended to threaten a public servant with imminent bodily harm. *See id*. Accordingly, Issue One is overruled.

In Issue Two, Appellant argues the evidence is factually insufficient to prove the vehicle was a deadly weapon in the manner of its use. Although he concedes that several witnesses testified Appellant turned the wheels of his vehicle towards Officer Villareal, and that the officer was frightened by the incident, Appellant argues other evidence from the same witnesses showed he was merely trying to exit the parking lot. Appellant contends the officers' testimonies that he did not stop the vehicle, and that he swerved to the right to get away from Officer Villareal, only showed that Appellant desired to leave the parking lot.

The Penal Code provides that a "deadly weapon" means "a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury," or "anything that in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX.PENAL CODE ANN. § 1.07(a)(17)(West Supp. 2010). The plain language of this provision does not require the actor actually intend death or serious bodily injury--it only requires the actor to intend the use of an object such that it would be capable of causing death or serious bodily injury. *McCain v. State*, 22 S.W.3d 497, 503 (Tex.Crim.App. 2000). Objects that are usually not considered dangerous weapons may become so depending on the manner in

which they are used during the commission of an offense. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex.Crim.App. 2005). A motor vehicle can become a deadly weapon if the manner of its use is capable of causing death or serious bodily injury. *Id*. Specific intent to use a motor vehicle as a deadly weapon is not required. *Id*. However, to sustain a deadly weapon finding, there must be evidence that others were "actually endangered;" the mere existence of a "hypothetical potential for danger" is insufficient. *Cates v. State*, 102 S.W.3d 735, 738 (Tex.Crim.App. 2003). To make this determination, we must first evaluate the manner in which the defendant used the motor vehicle during the felony, and then we must consider whether the motor vehicle was capable of causing death or serious bodily injury during the felony. *See Sierra v. State*, 280 S.W.3d 250, 255 (Tex.Crim.App. 2009).

The evidence, taken in the light most favorable to the verdict, shows Appellant turned the wheels of his vehicle towards Officer Villareal after the officer asked him to stop. Appellant then accelerated the vehicle and drove towards the officer at a high speed, with the tires of his vehicle screeching. The officer had to jump out of the way to avoid being hit by Appellant's vehicle. At trial, Officer Villareal testified that he feared for his life at that particular moment, and that Appellant's conduct caused him to feel threatened with imminent bodily injury.

Having reviewed the record in the light most favorable to Appellant's verdict of aggravated assault of a public servant with a deadly weapon, we conclude the jury was rationally justified in finding that the vehicle Appellant used constituted a deadly weapon in the manner of its use. *See Brooks*, 323 S.W.3d at 899. The officers' testimonies and other evidence could have led the jury to reasonably conclude that Officer Villareal was "actually endangered" by the manner in which Appellant was driving his vehicle. As such, the evidence is legally sufficient to

support the jury's deadly weapon finding. *See Brooks*, 323 S.W.3d at 899. Accordingly, Issue Two is overruled

Having overruled Appellant's issues presented for review, we affirm the trial court's judgment.

March 2, 2011

DAVID WELLINGTON CHEW, Chief Justice

Before Chew, C.J., Rivera, J., and Larsen, J.
Larsen, J. (Sitting by Assignment)

(Do Not Publish)