# NO. 12-10-00355-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *MARVIN WADDLETON, III,*<br>*APPELLANT* | § | *APPEAL FROM THE 241ST* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *SMITH COUNTY, TEXAS* |

### *MEMORANDUM OPINION*

Marvin Waddleton, III, appeals his conviction for aggravated assault. In one issue, Appellant argues that the evidence is insufficient to support the jury's finding that he used a deadly weapon in the commission of the offense. We affirm.

### BACKGROUND

Correctional officers were called to Appellant's cell in the Smith County jail on November 21, 2005, on a report of an "assaultive inmate." The officers made the decision to remove Appellant from his cell. Appellant was belligerent towards the officers, and he held a mattress above his head as the officers entered. One of the officers kicked the mattress, causing Appellant to become unbalanced. The officer then tackled Appellant. As he did so, Appellant began stabbing the officer with a toothbrush that had been sharpened to a point. The officer suffered minor wounds, and Appellant was brought under control.

A Smith County grand jury indicted Appellant for the felony offense of aggravated assault. The grand jury alleged that Appellant assaulted a public servant while that person was lawfully

discharging an official duty and that he did so with a deadly weapon.[1]  The grand jury also alleged that he had a prior conviction for aggravated assault.   Appellant pleaded not guilty, and a trial was held.   The jury found Appellant guilty.   Following a sentencing hearing, the jury found the allegation of a prior conviction to be true and assessed a sentence of life imprisonment and a fine of $10,000.00.   This appeal followed.

## DEADLY WEAPON FINDING

In a single issue, Appellant argues that the evidence is insufficient to support the jury's finding that he used a deadly weapon during the commission of this offense.

### Applicable Law and Standard of Review

A trial court is required to note in the judgment if the jury finds that the defendant used or exhibited a deadly weapon in the commission of an offense.   *See* TEX. CODE CRIM. PROC. ANN. art. 42.12, § 3g(a)(2) (West Supp. 2010).   The phrase "used . . . a deadly weapon" during the commission of the offense means only that the deadly weapon was employed or utilized in order to achieve its purpose.   *See Patterson v. State*, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989); *Smith v. State*, 176 S.W.3d 907, 919 (Tex. App.–Dallas 2005, pet. ref'd).

A deadly weapon is anything that in the manner of its use or intended use is capable of causing death or serious bodily injury.   TEX. PENAL CODE ANN. § 1.07(a)(17)(B) (West Supp. 2011).   Also, a deadly weapon can be a firearm or anything manifestly designed, made, or adapted for the purpose of inflicting death or serious bodily injury.   *Id.* § 1.07(a)(17)(A).   The court of appeals may delete a deadly weapon finding from the judgment if the evidence fails to show that a defendant used a deadly weapon in the commission of an offense.   *See Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2006).

We evaluate the sufficiency of the evidence to support a deadly weapon finding in the same way that we evaluate the sufficiency of evidence generally.   *See Sierra v. State*, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009).   The due process guarantee of the Fourteenth Amendment requires that a conviction be supported by legally sufficient evidence.   *See Jackson v. Virginia*, 443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (plurality opinion).   Evidence is not legally sufficient if, when viewing the evidence in a light most favorable to the verdict, no rational trier of fact could have

---

[1] *See* TEX. PENAL CODE ANN. § 22.02(a)(2), (b)(2)(B) (West 2011).

2

found the essential elements of the offense beyond a reasonable doubt. *See Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *see also Rollerson v. State*, 227 S.W.3d 718, 724 (Tex. Crim. App. 2007). Under this standard, a reviewing court does not sit as a thirteenth juror and may not substitute its judgment for that of the fact finder by reevaluating the weight and credibility of the evidence. *See Brooks*, 323 S.W.3d at 899; *Dewberry v. State*, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999). Instead, a reviewing court defers to the fact finder's resolution of conflicting evidence unless that resolution is not rational in light of the burden of proof. *See Brooks*, 323 S.W.3d at 899-900.

**Analysis**

Appellant argues that the evidence does not show that the toothbrush used in the assault was a deadly weapon. Specifically, he argues that an evaluation of the words spoken by him, the intended use of the object, the testimony of the victim, the injuries inflicted, and the potential for serious or deadly injury reveals that the toothbrush was not a deadly weapon.

A weapon can be deadly by design or by use. *See* TEX. PENAL CODE ANN. § 1.07(a)(17)(A), (B); *Tucker v. State*, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008). It is generally understood that an item is not a deadly weapon if it is made or designed for a purpose other than inflicting death or serious bodily injury. *See McCain v. State*, 22 S.W.3d 497, 502 (Tex. Crim. App. 2000). A toothbrush is not made to injure or kill people, or as the court phrased it in *McCain*, it is not "manifestly designed" for that purpose. *Id*. However, there is the matter of the alteration of this toothbrush. This toothbrush had been sharpened–a guard speculated that it had been scraped on concrete–to a point. In other words, it had been adapted to a purpose different from cleaning the surface of teeth. There was testimony that this was a "shank," or an improvised stabbing device. *See Thomas v. State*, 821 S.W.2d 616, 620 (Tex. Crim. App. 1991); *Berry v. State*, 833 S.W.2d 332, 334 (Tex. App.–Waco 1992, no pet.).

Appellant argues that because the toothbrush had not lost its ability to serve as a tooth cleaner, it was not adapted to use as a deadly weapon. He also points out that it was a fairly flimsy weapon and that it did not stand up to handling by the district attorney during the trial of this matter. We do not agree that the toothbrush could not be a deadly weapon simply because it could still be used for its original function. The jury was entitled to credit the testimony and evidence that suggested that someone had altered this jail issued toothbrush to turn it into a deadly weapon.

Alternately, the jury could reasonably conclude that Appellant used the toothbrush as a deadly weapon. The complaining witness testified that Appellant stabbed him five times and that

the stabbing produced sharp pain, soreness, and bruising. Appellant is correct to point out that these injuries were less serious than injuries reported in other cases. For example, in ***Romero v. State***, 331 S.W3d 82, 84 (Tex. App.–Houston [14th Dist.] 2010, no pet.), the victim was covered in blood after being attacked by the defendant wielding a shank. In that case, the defendant argued that the wounds actually inflicted were "not serious" and so a finding that the weapon was not deadly was not supported by the evidence.

It is not necessary that a person be seriously injured for a weapon to be a deadly weapon. For example, a firearm remains a deadly weapon whether or not a shooter hits his target. That the complaining witness was not more seriously injured in this case may have been because Appellant's shank was incapable of causing death or serious bodily injury, or the witness may just have been fortunate to escape without more serious injuries. There can be little doubt as to Appellant's intent. He was actively struggling with officers when the attempted stabbing occurred. He told another officer, after the fact, "Yeah, m**********r, it was intended for you, and I was going to stick it in your heart." Another jailer said that Appellant told him two days after the assault that "[f]rom now on the inmates will run this jail. I hate every f*****g cop, and will kill any copy [sic] I ever get the chance to."

In addition to these snapshots of Appellant's state of mind, there was testimony from several officers that the sharpened toothbrush was a deadly weapon. Finally, the complaining witness testified that Appellant stabbed him in the rib cage area, close to his heart.

After a careful review of all of the evidence, viewed in a light most favorable to the verdict, we hold that there is sufficient evidence for jury to conclude beyond a reasonable doubt that the sharpened toothbrush was a deadly weapon. The jury could have concluded that it was adapted to the purpose of causing death or serious bodily injury or that it was used in such a way that it was capable of causing death or serious bodily injury. We overrule Appellant's sole issue.

### DISPOSITION

Having overruled Appellant's sole issue, we ***affirm*** the judgment of the trial court.

**BRIAN HOYLE**
Justice

Opinion delivered August 10, 2011.
*Panel consisted of Worthen, C.J. and Hoyle, J.*
*Griffith, J., not participating.*

(DO NOT PUBLISH)