NO.
12-10-00355-CR

                        

IN THE COURT OF
APPEALS 

 

            TWELFTH
COURT OF APPEALS DISTRICT

 

                                      TYLER, TEXAS

MARVIN
WADDLETON, III,                          §                 APPEAL FROM THE 241ST

APPELLANT

 

V.                                                                         §                 JUDICIAL
DISTRICT COURT

 

THE
STATE OF TEXAS,

APPELLEE                                                        §                 SMITH
COUNTY, TEXAS

                                                        
                                           

MEMORANDUM OPINION

Marvin
Waddleton, III, appeals his conviction for aggravated assault.  In one issue,
Appellant argues that the evidence is insufficient to support the jury’s
finding that he used a deadly weapon in the commission of the offense.  We
affirm.  

 

Background

Correctional
officers were called to Appellant’s cell in the Smith County jail on November
21, 2005, on a report of an “assaultive inmate.”  The officers made the
decision to remove Appellant from his cell.  Appellant was belligerent towards
the officers, and he held a mattress above his head as the officers entered. 
One of the officers kicked the mattress, causing Appellant to become
unbalanced.  The officer then tackled Appellant.  As he did so, Appellant began
stabbing the officer with a toothbrush that had been sharpened to a point.  The
officer suffered minor wounds, and Appellant was brought under control.

A
Smith County grand jury indicted Appellant for the felony offense of aggravated
assault.  The grand jury alleged that Appellant assaulted a public servant
while that person was lawfully discharging an official duty and that he did so
with a deadly weapon.[1]
 The grand
jury also alleged that he had a prior conviction for aggravated assault. 
Appellant pleaded not guilty, and a trial was held.  The jury found Appellant
guilty.  Following a sentencing hearing, the jury found the allegation of a
prior conviction to be true and assessed a sentence of life imprisonment and a
fine of $10,000.00.  This appeal followed.

 

Deadly Weapon Finding

In
a single issue, Appellant argues that the evidence is insufficient to support
the jury’s finding that he used a deadly weapon during the commission of this
offense.  

Applicable
Law and Standard of Review

A
trial court is required to note in the judgment if the jury finds that the
defendant used or exhibited a deadly weapon in the commission of an offense.  See
Tex. Code Crim. Proc. Ann. art.
42.12, § 3g(a)(2) (West Supp. 2010).  The phrase “used . . . a deadly weapon”
during the commission of the offense means only that the deadly weapon was
employed or utilized in order to achieve its purpose.  See Patterson
v. State, 769 S.W.2d 938, 941 (Tex. Crim. App. 1989); Smith v.
State, 176 S.W.3d 907, 919 (Tex. App.–Dallas 2005, pet. ref'd). 

A
deadly weapon is anything that in the manner of its use or intended use is
capable of causing death or serious bodily injury.  Tex. Penal Code Ann. § 1.07(a)(17)(B) (West Supp. 2011). 
Also, a deadly weapon can be a firearm or anything manifestly designed, made,
or adapted for the purpose of inflicting death or serious bodily injury.  Id.
§ 1.07(a)(17)(A).  The court of appeals may delete a deadly weapon finding from
the judgment if the evidence fails to show that a defendant used a deadly
weapon in the commission of an offense.  See Drichas v. State,
175 S.W.3d 795, 798 (Tex. Crim. App. 2006).

We
evaluate the sufficiency of the evidence to support a deadly weapon finding in
the same way that we evaluate the sufficiency of evidence generally.  See Sierra
v. State, 280 S.W.3d 250, 255 (Tex. Crim. App. 2009).  The due process
guarantee of the Fourteenth Amendment requires that a conviction be supported
by legally sufficient evidence.  See Jackson v. Virginia,
443 U.S. 307, 315-16, 99 S. Ct. 2781, 2786–87, 61 L. Ed. 2d 560 (1979); Brooks
v. State, 323 S.W.3d 893, 917 (Tex. Crim. App. 2010) (plurality
opinion).  Evidence is not legally sufficient if, when viewing the evidence in
a light most favorable to the verdict, no rational trier of fact could have
found the essential elements of the offense beyond a reasonable doubt.  See Jackson,
443 U.S. at 319, 99 S. Ct. at 2789; see also Rollerson v. State,
227 S.W.3d 718, 724 (Tex. Crim. App. 2007).  Under this standard, a reviewing
court does not sit as a thirteenth juror and may not substitute its judgment
for that of the fact finder by reevaluating the weight and credibility of the
evidence.  See Brooks, 323 S.W.3d at 899; Dewberry
v. State, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999).  Instead, a
reviewing court defers to the fact finder’s resolution of conflicting evidence
unless that resolution is not rational in light of the burden of proof.  See
Brooks, 323 S.W.3d at 899-900.  Analysis

Appellant
argues that the evidence does not show that the toothbrush used in the assault
was a deadly weapon.  Specifically, he argues that an evaluation of the words
spoken by him, the intended use of the object, the testimony of the victim, the
injuries inflicted, and the potential for serious or deadly injury reveals that
the toothbrush was not a deadly weapon.

A
weapon can be deadly by design or by use.  See Tex. Penal Code Ann. § 1.07(a)(17)(A), (B); Tucker
v. State, 274 S.W.3d 688, 691 (Tex. Crim. App. 2008).  It is generally
understood that an item is not a deadly weapon if it is made or designed for a
purpose other than inflicting death or serious bodily injury.  See McCain
v. State, 22 S.W.3d 497, 502 (Tex. Crim. App. 2000).  A toothbrush is
not made to injure or kill people, or as the court phrased it in McCain,
it is not “manifestly designed” for that purpose.  Id.  However,
there is the matter of the alteration of this toothbrush.  This toothbrush had
been sharpened–a guard speculated that it had been scraped on concrete–to a
point.  In other words, it had been adapted to a purpose different from
cleaning the surface of teeth.  There was testimony that this was a “shank,” or
an improvised stabbing device.  See Thomas v. State, 821 S.W.2d
616, 620 (Tex. Crim. App. 1991); Berry v. State, 833 S.W.2d 332,
334 (Tex. App.–Waco 1992, no pet.).

Appellant
argues that because the toothbrush had not lost its ability to serve as a tooth
cleaner, it was not adapted to use as a deadly weapon.  He also points out that
it was a fairly flimsy weapon and that it did not stand up to handling by the
district attorney during the trial of this matter.  We do not agree that the
toothbrush could not be a deadly weapon simply because it could still be used
for its original function. The jury was entitled to credit the testimony and
evidence that suggested that someone had altered this jail issued toothbrush to
turn it into a deadly weapon. 

Alternately,
the jury could reasonably conclude that Appellant used the toothbrush as a
deadly weapon.  The complaining witness testified that Appellant stabbed him
five times and that the stabbing produced sharp pain, soreness, and bruising. 
Appellant is correct to point out that these injuries were less serious than
injuries reported in other cases.  For example, in Romero v. State,
331 S.W3d 82, 84 (Tex. App.–Houston [14th Dist.] 2010, no pet.), the victim was
covered in blood after being attacked by the defendant wielding a shank.  In
that case, the defendant argued that the wounds actually inflicted were “not
serious” and so a finding that the weapon was not deadly was not supported by
the evidence.

It
is not necessary that a person be seriously injured for a weapon to be a deadly
weapon.  For example, a firearm remains a deadly weapon whether or not a
shooter hits his target.  That the complaining witness was not more seriously
injured in this case may have been because Appellant’s shank was incapable of
causing death or serious bodily injury, or the witness may just have been
fortunate to escape without more serious injuries.  There can be little doubt
as to Appellant’s intent.  He was actively struggling with officers when the
attempted stabbing occurred. He told another officer, after the fact, “Yeah,
m**********r, it was intended for you, and I was going to stick it in your
heart.”  Another jailer said that Appellant told him two days after the assault
that “[f]rom now on the inmates will run this jail.  I hate every f*****g cop,
and will kill any copy [sic] I ever get the chance to.”  

In
addition to these snapshots of Appellant’s state of mind, there was testimony
from several officers that the sharpened toothbrush was a deadly weapon. 
Finally, the complaining witness testified that Appellant stabbed him in the
rib cage area, close to his heart.  

After
a careful review of all of the evidence, viewed in a light most favorable to
the verdict, we hold that there is sufficient evidence for jury to conclude
beyond a reasonable doubt that the sharpened toothbrush was a deadly weapon. 
The jury could have concluded that it was adapted to the purpose of causing
death or serious bodily injury or that it was used in such a way that it was
capable of causing death or serious bodily injury.  We overrule Appellant’s
sole issue.

 

Disposition

            Having
overruled Appellant’s sole issue, we affirm the judgment of the
trial court.

 

                                                                                    Brian Hoyle

                                                                                        
Justice

 

 

 

Opinion
delivered August 10, 2011.

Panel
consisted of Worthen, C.J. and Hoyle, J.

Griffith,
J., not participating.

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

 

(DO NOT PUBLISH)


 
 
 
 
 
 
 
  
 
 
 
 
 
  
 












[1]
See Tex. Penal Code Ann. §
22.02(a)(2), (b)(2)(B) (West 2011).