**Gregory Carl GREEN, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. 14–09–00338–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

Aug. 24, 2010.

Mary Lou Shipley, Waxahachie, for appellant.

Joe F. Grubbs, Cynthia W. Hellstern, Waxahachie, for state.

Panel consists of Justices ANDERSON, FROST, and SEYMORE.

## OPINION

JOHN S. ANDERSON, Justice.

A jury found appellant, Gregory Carl Green, guilty of the first degree felony offense of failure to comply with sex offender registration requirements—specifically failing to report an intended change in address seven days prior to the anticipated move. *See* Tex. Crim. Proc. Code Ann. arts. 62.102(b)(3), 62.102(c), 62.055(a) (Vernon 2006). The jury assessed punishment at eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice. In two issues, appellant contends: (1) the evidence is factually insufficient to support his conviction and (2) the trial court erred by admitting evidence of a past conviction for indecency with a child. We agree the evidence is factually insufficient to support appellant's conviction and, accordingly, reverse and remand.

### FACTUAL AND PROCEDURAL BACKGROUND

Sergeant Rodney Guthrie of the Waxahachie Police Department, who supervises and manages the sex offender registration unit in Waxahachie, testified he is familiar with appellant because appellant is a registered sex offender in Sergeant Guthrie's unit. As a sex offender with two or more prior convictions, appellant was required to report to Sergeant Guthrie every 90 days. *See* Tex. Crim. Proc. Code Ann. art. 62.058(a) (Vernon 2006). The first time appellant registered with Sergeant Guthrie was September 8, 2005. At that time, appellant listed his address as 801 Dunn Street—his parents' residence. The next time appellant provided a change in address was November 16, 2006. Appellant listed his address as 602 Highland Avenue. On May 2, 2007, Sergeant Guthrie received a telephone call from appellant informing him appellant would be changing his address. On May 3, 2007, appel-

lant came into Sergeant Guthrie's office and gave notice that he was changing his address to 1570 Holder Road. Sergeant Guthrie reminded appellant that pursuant to the Texas Code of Criminal Procedure he must stay at the Highland Avenue address for seven days before moving to the Holder Road address. At first, appellant replied he could stay at the Highland Avenue address only one to two days and then he admitted that he had already moved from the Highland Avenue address and was staying with his parents on Dunn Street. Sergeant Guthrie told appellant he was in violation of the registration requirements. As far as Guthrie can remember, appellant did not provide Guthrie with any reason for his move to 602 Highland.

After this meeting, Sergeant Guthrie contacted Billy Graham, the property manager for the landlord at 602 Highland Avenue. Graham told Guthrie that appellant and his wife had moved out of 602 Highland Avenue on or around April 15, 2007. Furthermore, Graham informed Sergeant Guthrie that a new tenant moved into the Highland Avenue residence on April 20, 2007. Sergeant Guthrie also testified he was aware appellant worked intermittently in Arizona for long periods of time and had recommended that appellant register in Arizona. Appellant complied. The Arizona records, entered into evidence, indicate appellant registered in Arizona for employment purposes on April 18, 2007. The Arizona records did not indicate appellant was permanently moving to or living in Arizona.

Billy Graham, the property manager for 602 Highland Avenue, explained to the jury that he never actually saw appellant or his wife move out of the house. Graham testified that he went to the house on or about April 15, 2007, to collect the rent and found the house abandoned, aside from some trash and items of furniture left

outside. Graham assumed appellant and his wife had moved and Graham rented the house to a new tenant on April 20, 2007. Graham testified appellant had done yardwork on the Highland Avenue property sometime in March or April of 2007. Graham explained that all of the rent checks he received for 602 Highland during the time appellant and his wife lived at that address came either from appellant or appellant's parents.

The defense called Catherine Hunt, appellant's wife, as its only witness. Hunt testified she and appellant moved into 602 Highland Avenue the week before Thanksgiving 2006. Hunt explained appellant spent long periods of time working in Arizona. At some point, while they were living at 602 Highland Avenue, Hunt became pregnant. Hunt testified she was thinking about moving from the property, but appellant did not want to move because he liked their home at 602 Highland Avenue. Hunt said that while appellant was out of town working, he would send her money to pay the bills. Hunt told the jury appellant went to work in Arizona on April 11, 2007. Hunt explained that on April 16, 2007, five days after appellant left, she delivered their baby. After delivering the baby, Hunt decided to move from the 602 Highland Avenue residence into her parents' home on Holder Road. Hunt testified she did not tell appellant about the move. Hunt explained appellant returned from Arizona on April 28, 2007; however, on cross-examination, Hunt testified appellant came back into town April 20, 2007, left again on April 24, 2007, and returned on April 30, 2007. Hunt was unaware of when appellant found out she had moved their belongings from the Highland Avenue address. Hunt testified she never told appellant that she had moved from the Highland Avenue address into her parents' house; however, on cross-examination Hunt testified she in-

formed appellant of the move on April 30, 2007. Hunt explained she knew appellant met with Sergeant Guthrie on May 3, 2007, because that was the day she discovered "he was going to get charged."

A jury found appellant guilty of failing to report his intended move not later than the seventh day before the anticipated move date. The jury found the enhancement paragraph in the indictment true and sentenced appellant to eight years' confinement in the Institutional Division of the Texas Department of Criminal Justice. This appeal followed.

## DISCUSSION

### I. Is the evidence factually sufficient to support appellant's conviction?

■ In appellant's first issue, he challenges the factual sufficiency of the evidence. Specifically, appellant contends the evidence is factually insufficient to show he intentionally, knowingly, or recklessly failed to report his intended change in address seven days prior to his anticipated move date.

#### A. Standard of Review

■ In a factual sufficiency review, we consider all the evidence in a neutral light. *Prible v. State*, 175 S.W.3d 724, 730–31 (Tex.Crim.App.2005). The evidence may be factually insufficient in two ways. *Lancon v. State*, 253 S.W.3d 699, 705 (Tex.Crim.App.2008). The first is that the evidence supporting the verdict, though legally sufficient, is nonetheless too weak to support it. *Id.* If we find the evidence "too weak," we must identify an objective basis in the record as to why the evidence is too weak to support the verdict. *See Watson v. State*, 204 S.W.3d 404, 414–17 (Tex.Crim.App.2006). The second is that, when considering conflicting evidence, the jury's verdict is against the great weight and preponderance of the evidence. *Lancon*, 253 S.W.3d at 705. In conducting a factual-sufficiency analysis, this court must be cognizant of the fact that a jury has already passed on the facts and must give due deference to the determinations of the jury. *Id.* at 704–05. This court must afford the appropriate deference to the jury's verdict to avoid substituting this court's judgment for that of the jury. *Id.* Nonetheless, this court should sustain the factual sufficiency issue and set aside the jury's verdict if the evidence supporting the verdict is so weak as to render the verdict clearly wrong or manifestly unjust. *Id.*

### B. Analysis—April 2007 Address Change

A person commits the offense of failure to comply with registration requirements if the person "is required to register and fails to comply with any requirement" of Chapter 62. Tex. Crim. Proc. Code Ann. art. 62.102 (Vernon 2006). Under article 62.055(a), "[i]f a person required to register under this chapter intends to change address, ... the person shall, not later than the seventh day before the intended change, report in person to the local law enforcement authority designated as the person's primary registration authority by the department and to the ... officer supervising the person and provide the authority and the officer with the person's anticipated move date and new address." Tex. Crim. Proc. Code Ann. art. 62.055(a) (Vernon 2006). Under the indictment, appellant was charged with failing to comply with this registration requirement ("Requirement"). Under article 62.055(a), appellant was also required to provide proof of his new address to the applicable local law enforcement authority for his new address within seven days after changing the address or on the first date that the applicable authority allows appellant to report. *See id.* However, appellant was not charged with violating this registration re-

quirement. Appellant was only charged with violating the Requirement.

There is no dispute that appellant was required to register; however, appellant asserts that the evidence is factually insufficient to support a finding that he failed to comply with the Requirement.

After reviewing the record in this case, we conclude this is not a case in which overwhelming controverting evidence presented by the defense renders the verdict factually insufficient. Instead, this is a case in which the evidence is too weak to support the verdict. As such, we must identify an objective basis in the record explaining why the evidence is too weak to support the verdict. *See Watson,* 204 S.W.3d at 414–17.

Because appellant did not stipulate to any of his prior convictions for indecency with a child, the State called Officer Robert Allwardt as its first witness. Officer Allwardt gave expert fingerprint identification testimony to show that appellant is the same person convicted three times for indecency with a child in the judgments that the State introduced into evidence. The State had to prove at least two such convictions as part of its burden of proof under the indictment in this case. The State then called Sergeant Guthrie to the stand. In addition to the testimony described above, Sergeant Guthrie testified as follows:

- He is a police officer with the Waxahachie Police Department, who supervises and manages the sex offender registration unit.
- When sex offenders living in Waxahachie first come in to register, they fill out some documentation, and the sex offender registration unit reviews the registration requirements with the offenders so they understand them.
- After his initial registration appellant had a duty to come in person to the

unit every 90 days to verify his registration.
- In addition to such periodic verifications, registered sex offenders are also required to come in person to Guthrie's office to give notice of any change in their residence address, employment status, telephone numbers, or emergency contacts.
- As to changes in the residence addresses of registered sex offenders, "[p]rior to any address change that [they] have, [they] must notify the registering agency seven days prior to any change that [they are] going to make."
- Registered sex offenders cannot move whenever they want to do so; rather they "have seven days notification that [they] must give the agency."
- When appellant first registered in Waxahachie in September 2005, Guthrie reviewed several forms with appellant, including a form that specifies the registration requirements that the sex offender must follow ("Form"). Guthrie reviewed all of these requirements with appellant, as shown by appellant initialing each requirement on the form and signing the form, which was admitted into evidence.
- The Form's main reason is to spell out each requirement that the registered sex offender must follow. The Form "specifically says that [appellant] must give seven days prior notice of his move or intended move before making that move."
- Appellant "had to provide the seven days [notice] prior to any move."
- Appellant did not provide seven days prior notice of his move from 602 Highland Avenue to 1570 Holder Road.

In sum, Sergeant Guthrie's testimony covered four topics: (1) appellant's knowledge

of the reporting requirements; (2) appellant's prior conformity with all reporting requirements; (3) appellant's visit on May 3 regarding the change in address and Sergeant Guthrie's discovery that appellant had not given notice before this address change; and (4) Guthrie's discussion with Billy Graham. Sergeant Guthrie's testimony shed no light on whether appellant had an intention to move from the Highland Avenue address. The State's final witness was Billy Graham, the property manager at 602 Highland Avenue. Graham testified: (1) he observed appellant landscaping and planting flowers around the house in March or April 2007; (2) Graham had not received a rent payment for the Highland Avenue address in the month of April, which was not unusual; (3) Graham discovered appellant's and appellant's wife's belongings had been moved from the house—but he did not witness either party moving the belongings; and (4) appellant did not tell Graham he was moving out; and (5) Graham rented the house to another tenant without informing appellant or appellant's wife. Both Guthrie and Graham testified they were aware appellant spent long periods of time working in Arizona.

The defense called one witness, Catherine Hunt, appellant's wife. Hunt testified she moved from the Highland Avenue address without telling appellant until he returned from Arizona. There is no evidence that contradicts Hunt's testimony. The State correctly argues that the jury, as the sole judge of credibility, did not have to believe Hunt's testimony. Her testimony as the only defense witness does not render the State's evidence factually insufficient. For the purposes of our analysis, we ignore Hunt's testimony that appellant had no intent to change his address that would trigger the Requirement. Nonetheless, reviewing all of the evidence at trial we find no evidence that appellant ever had an intent to change his address

that he failed to report not later than the seventh day before the date of the intended change of address. There are various ways that a person's belongings can be moved out of a residence in the absence of that person intending to move. Sergeant Guthrie and Graham's testimony that appellant had moved out of the 602 Highland Avenue residence on or about April 15, 2007 is not evidence that appellant had an intent to move out during this time that he failed to report at least seven days before the date of the intended move.

The testimony at trial shows that Guthrie and the prosecuting attorney both believed that registered sex offenders have to give at least seven days advance notice before any address change. Guthrie testified that appellant was told he had to give seven days prior notice of all address changes. However, the Requirement 1 is triggered only "[i]f a person required to register under this chapter intends to change address." Tex. Crim. Proc. Code Ann. Art. 62.055(a). In addition, the deadline for reporting this intended address change is not seven days before the date on which the move actually occurs; rather, the deadline is seven days "before the intended change." *Id.* There are various situations in which a registered sex offender's address may change without the offender having any intent to change address prior to the actual change of address. The offender may be barred from his current residence without warning or someone else may move the offender's property out of the residence and to another address without the offender's knowledge. Even presuming that there was legally sufficient evidence that appellant intentionally, knowingly, or recklessly failed to report an intended address change, the evidence supporting such a finding is so weak as to render the verdict clearly wrong or manifestly unjust. We reach this conclusion based on the objec-

tive basis in the record that there was no evidence that appellant ever had an intent to change his address that he failed to report not later than the seventh day before the date of the intended change of address.

### C. Analysis—November 2006 Address Change

The State also contends the jury could have found appellant committed the offense as charged because there was some testimony indicating appellant may have violated the reporting requirements when he initially moved to the Highland Avenue address. Sergeant Guthrie testified appellant reported his change of address on November 16, 2006. However, Graham stated appellant moved into 602 Highland Avenue on November 12, 2006. According to the State's argument, such testimony allows the jury to convict appellant of the alleged violation because the jury charge included "on or about" language However, Guthrie indicated in his testimony that appellant complied with the reporting requirements when he moved to the Highland Avenue address in November 2006. In addition, for the same reasons stated above as to the April 2007 change of address, the evidence was factually insufficient to prove that appellant failed to report an intended address change in November 2006.

The majority of the testimony, evidence and arguments made during trial concern the failure to report an intended move in April 2007. The witnesses only briefly discussed the November move and the State merely mentioned it in passing during its closing argument. Sergeant Guthrie only discussed November briefly and testified appellant had complied with the registration requirements. The first time the jury heard mention of any dates regarding the November move was in the context of appellant following the registration requirements. Graham testified ap-

pellant moved into the Highland Avenue address on November 12, 2006, but bases that knowledge on a receipt for the rent paid by appellant's parents. He did not testify to seeing appellant living at the house on November 12, 2006. Hunt stated she moved into the house the week before Thanksgiving. The weakness of the evidence concerning the November move renders a conviction based upon such evidence factually insufficient. Even presuming that there was legally sufficient evidence that appellant intentionally, knowingly, or recklessly failed to report an intended address change in November 2006, the evidence supporting such a finding is so weak as to render the verdict clearly wrong or manifestly unjust. We reach this conclusion based on the objective basis in the record that there was no evidence appellant ever had an intent to change his address in November 2006 that he failed to report not later than the seventh day before the date of the intended change of address.

Accordingly, we sustain appellant's first issue. Because a finding of factual insufficiency requires us to remand the cause to the trial court, we do not reach appellant's second issue. *See Drichas v. State,* 175 S.W.3d 795, 799 (Tex.Crim.App.2005); Tex. R. App. P. 47.1.

### CONCLUSION

Having sustained appellant's first issue, we reverse the judgment and remand the cause to the trial court for further proceedings.