Reversed and Remanded and Opinion filed August 24, 2010. 

 

 

In
The

Fourteenth
Court of Appeals



NO. 14-09-00338-CR



Gregory Carl
Green, Appellant 

v.

The State of
Texas, Appellee 



On Appeal from
the 40th District Court

Ellis County, Texas

Trial Court Cause
No. 32,870-CR



 

 OPINION

A jury found appellant, Gregory Carl Green, guilty of
the first degree felony offense of failure to comply with sex offender
registration requirements—specifically failing to report an intended change in
address seven days prior to the anticipated move.  See Tex. Crim. Proc.
Code Ann. arts. 62.102(b)(3), 62.102(c), 62.055(a) (Vernon 2006).  The jury
assessed punishment at eight years’ confinement in the Institutional Division
of the Texas Department of Criminal Justice.  In two issues, appellant
contends: (1) the evidence is factually insufficient to support his conviction
and (2) the trial court erred by admitting evidence of a past conviction for
indecency with a child.  We agree the evidence is factually insufficient to
support appellant’s conviction and, accordingly, reverse and remand.  

Factual and Procedural Background

Sergeant Rodney Guthrie of the Waxahachie Police
Department, who supervises and manages the sex offender registration unit in
Waxahachie, testified he is familiar with appellant because appellant is a
registered sex offender in Sergeant Guthrie’s unit.  As a sex offender with two
or more prior convictions, appellant was required to report to Sergeant Guthrie
every 90 days.  See Tex. Crim. Proc. Code Ann. art. 62.058(a) (Vernon
2006).  The first time appellant registered with Sergeant Guthrie was September
8, 2005.  At that time, appellant listed his address as 801 Dunn Street—his
parents’ residence.  The next time appellant provided a change in address was
November 16, 2006.  Appellant listed his address as 602 Highland Avenue.  On
May 2, 2007, Sergeant Guthrie received a telephone call from appellant
informing him appellant would be changing his address.  On May 3, 2007,
appellant came into Sergeant Guthrie’s office and gave notice that he was
changing his address to 1570 Holder Road.  Sergeant Guthrie reminded appellant
that pursuant to the Texas Code of Criminal Procedure he must stay at the
Highland Avenue address for seven days before moving to the Holder Road address. 
At first, appellant replied he could stay at the Highland Avenue address only
one to two days and then he admitted that he had already moved from the
Highland Avenue address and was staying with his parents on Dunn Street. 
Sergeant Guthrie told appellant he was in violation of the registration
requirements.  As far as Guthrie can remember, appellant did not provide
Guthrie with any reason for his move to 602 Highland.  

After this meeting, Sergeant Guthrie contacted Billy
Graham, the property manager for the landlord at 602 Highland Avenue.  Graham
told Guthrie that appellant and his wife had moved out of 602 Highland Avenue
on or around April 15, 2007.  Furthermore, Graham informed Sergeant Guthrie
that a new tenant moved into the Highland Avenue residence on April 20, 2007. 
Sergeant Guthrie also testified he was aware appellant worked intermittently in
Arizona for long periods of time and had recommended that appellant register in
Arizona.  Appellant complied.  The Arizona records, entered into evidence,
indicate appellant registered in Arizona for employment purposes on April 18,
2007.  The Arizona records did not indicate appellant was permanently moving to
or living in Arizona.    

Billy Graham, the property manager for 602 Highland
Avenue, explained to the jury that he never actually saw appellant or his wife
move out of the house.  Graham testified that he went to the house on or about
April 15, 2007, to collect the rent and found the house abandoned, aside from
some trash and items of furniture left outside.  Graham assumed appellant and
his wife had moved and Graham rented the house to a new tenant on April 20,
2007.  Graham testified appellant had done yard-work on the Highland Avenue
property sometime in March or April of 2007.  Graham explained that all of the
rent checks he received for 602 Highland during the time appellant and his wife
lived at that address came either from appellant or  appellant’s parents.  

The defense called Catherine Hunt, appellant’s wife,
as its only witness.  Hunt testified she and appellant moved into 602 Highland
Avenue the week before Thanksgiving 2006.  Hunt explained appellant spent long
periods of time working in Arizona.  At some point, while they were living at
602 Highland Avenue, Hunt became pregnant.  Hunt testified she was thinking
about moving from the property, but appellant did not want to move because he
liked their home at 602 Highland Avenue.  Hunt said that while appellant was
out of town working, he would send her money to pay the bills.  Hunt told the
jury appellant went to work in Arizona on April 11, 2007.  Hunt explained that
on April 16, 2007, five days after appellant left, she delivered their baby. 
After delivering the baby, Hunt decided to move from the 602 Highland Avenue
residence into her parents’ home on Holder Road.  Hunt testified she did not
tell appellant about the move.  Hunt explained appellant returned from Arizona
on April 28, 2007; however, on cross-examination, Hunt testified appellant came
back into town April 20, 2007, left again on April 24, 2007, and returned on
April 30, 2007.  Hunt was unaware of when appellant found out she had moved
their belongings from the Highland Avenue address.  Hunt testified she never
told appellant that she had moved from the Highland Avenue address into her
parents’ house; however, on cross-examination Hunt testified she informed
appellant of the move on April 30, 2007.  Hunt explained she knew appellant met
with Sergeant Guthrie on May 3, 2007, because that was the day she discovered
“he was going to get charged.” 

A jury found appellant guilty of failing to report
his intended move not later than the seventh day before the anticipated move
date.  The jury found the enhancement paragraph in the indictment true and
sentenced appellant to eight years’ confinement in the Institutional Division
of the Texas Department of Criminal Justice.  This appeal
followed.                                       

Discussion

I.         Is
the evidence factually sufficient to support appellant’s conviction?

            In
appellant’s first issue, he challenges the factual sufficiency of the
evidence.  Specifically, appellant contends the evidence is factually
insufficient to show he intentionally, knowingly, or recklessly failed to report
his intended change in address seven days prior to his anticipated move date.

            A.        Standard
of Review

            In
a factual sufficiency review, we consider all the evidence in a neutral light. 
Prible v. State, 175 S.W.3d 724, 730–31 (Tex. Crim. App. 2005).  The
evidence may be factually insufficient in two ways.  Lancon v. State,
253 S.W.3d 699, 705 (Tex. Crim. App. 2008).  The first is that the evidence
supporting the verdict, though legally sufficient, is nonetheless too weak to
support it.  Id.  If we find the evidence “too weak,” we must identify
an objective basis in the record as to why the evidence is too weak to support
the verdict.  See Watson v. State, 204 S.W.3d 404, 414–17 (Tex. Crim.
App. 2006).  The second is that, when considering conflicting evidence, the
jury’s verdict is against the great weight and preponderance of the evidence.  Lancon,
253 S.W.3d at 705.  In conducting a factual-sufficiency analysis, this court
must be cognizant of the fact that a jury has already passed on the facts and
must give due deference to the determinations of the jury.  Id. at
704–05.  This court must afford the appropriate deference to the jury’s verdict
to avoid substituting this court’s judgment for that of the jury.  Id. 
Nonetheless, this court should sustain the factual sufficiency issue and set
aside the jury’s verdict if the evidence supporting the verdict is so weak as
to render the verdict clearly wrong or manifestly unjust.  Id.

 
          B.        Analysis — April 2007 Address Change 

            A
person commits the offense of failure to comply with registration requirements
if the person “is required to register and fails to comply with any
requirement” of Chapter 62.  Tex. Crim. Proc. Code Ann. art. 62.102 (Vernon
2006).  Under article 62.055(a), “[i]f a person required to register under this
chapter intends to change address,  . . . the person shall, not later than the
seventh day before the intended change, report in person to the local law
enforcement authority designated as the person’s primary registration authority
by the department and to the . . . officer supervising the person and provide
the authority and the officer with the person’s anticipated move date and new
address.”  Tex. Crim. Proc. Code Ann. art. 62.055(a) (Vernon 2006).  Under the
indictment, appellant was charged with failing to comply with this registration
requirement (“Requirement”).  Under article 62.055(a), appellant was also
required to provide proof of his new address to the applicable local law
enforcement authority for his new address within seven days after changing the
address or on the first date that the applicable authority allows appellant to
report.  See id.  However, appellant was not charged with violating this
registration requirement.  Appellant was only charged with violating the
Requirement.

   


            There
is no dispute that appellant was required to register; however, appellant
asserts that the evidence is factually insufficient to support a finding that
he failed to comply with the Requirement.

            After
reviewing the record in this case, we conclude this is not a case in which
overwhelming controverting evidence presented by the defense renders the
verdict factually insufficient.  Instead, this is a case in which the evidence
is too weak to support the verdict.  As such, we must identify an objective
basis in the record explaining why the evidence is too weak to support the
verdict.  See Watson, 204 S.W.3d at 414–17.

            Because
appellant did not stipulate to any of his prior convictions for indecency with
a child, the State called Officer Robert Allwardt as its first witness. 
Officer Allwardt gave expert fingerprint identification testimony to show that
appellant is the same person convicted three times for indecency with a child
in the judgments that the State introduced into evidence.  The State had to
prove at least two such convictions as part of its burden of proof under the
indictment in this case.  The State then called Sergeant Guthrie to the stand. 
In addition to the testimony described above, Sergeant Guthrie testified as
follows:

·       
He
is a police officer with the Waxahachie Police Department, who supervises and
manages the sex offender registration unit.

·       
When
sex offenders living in Waxahachie first come in to register, they fill out
some documentation, and the sex offender registration unit reviews the
registration requirements with the offenders so they understand them.  

·       
After
his initial registration appellant had a duty to come in person to the unit
every 90 days to verify his registration.  

·       
In
addition to such periodic verifications, registered sex offenders are also
required to come in person to Guthrie’s office to give notice of any change in
their residence address, employment status, telephone numbers, or emergency
contacts.

·       
As
to changes in the residence addresses of registered sex offenders, “[p]rior to
any address change that [they] have, [they] must notify the registering agency
seven days prior to any change that [they are] going to make.”  

·       
Registered
sex offenders cannot move whenever they want to do so; rather they “have seven
days notification that [they] must give the agency.”  

·       
When
appellant first registered in Waxahachie in September 2005, Guthrie reviewed
several forms with appellant, including a form that specifies the registration
requirements that the sex offender must follow (“Form”).  Guthrie reviewed all
of these requirements with appellant, as shown by appellant initialing each
requirement on the form and signing the form, which was admitted into evidence.

·       
The
Form’s main reason is to spell out each requirement that the registered sex
offender must follow.  The Form “specifically says that [appellant] must give
seven days prior notice of his move or intended move before making that move.”

·       
Appellant
“had to provide the seven days [notice] prior to any move.”  

·       
Appellant
did not provide seven days prior notice of his move from 602 Highland Avenue to
1570 Holder Road.  

In
sum, Sergeant Guthrie’s testimony covered four topics: (1) appellant’s
knowledge of the reporting requirements; (2) appellant’s prior conformity with
all reporting requirements; (3) appellant’s visit on May 3 regarding the change
in address and Sergeant Guthrie’s discovery that appellant had not given notice
before this address change; and (4) Guthrie’s discussion with Billy Graham. 
Sergeant Guthrie’s testimony shed no light on whether appellant had an intention
to move from the Highland Avenue address.  The State’s final witness was Billy
Graham, the property manager at 602 Highland Avenue.  Graham testified: (1) he
observed appellant landscaping and planting flowers around the house in March
or April 2007; (2)  Graham had not received a rent payment for the Highland
Avenue address in the month of April, which was not unusual; (3) Graham discovered
appellant’s and appellant’s wife’s belongings had been moved from the house—but
he did not witness either party moving the belongings; and (4) appellant did
not tell Graham he was moving out; and (5) Graham rented the house to another
tenant without informing appellant or appellant’s wife.  Both Guthrie and
Graham testified they were aware appellant spent long periods of time working
in Arizona.  

            The
defense called one witness, Catherine Hunt, appellant’s wife.  Hunt testified
she moved from the Highland Avenue address without telling appellant until he
returned from Arizona.  There is no evidence that contradicts Hunt’s testimony. 
The State correctly argues that the jury, as the sole judge of credibility, did
not have to believe Hunt’s testimony.  Her testimony as the only defense
witness does not render the State’s evidence factually insufficient.  For the purposes
of our analysis, we ignore Hunt’s testimony that appellant had no intent to
change his address that would trigger the Requirement.  Nonetheless, reviewing
all of the evidence at trial we find no evidence that appellant ever had an
intent to change his address that he failed to report not later than the
seventh day before the date of the intended change of address.  There are
various ways that a person’s belongings can be moved out of a residence in the
absence of that person intending to move.  Sergeant Guthrie and Graham’s
testimony that appellant had moved out of the 602 Highland Avenue residence on
or about April 15, 2007 is not evidence that appellant had an intent to move
out during this time that he failed to report at least seven days before the
date of the intended move.  

            The
testimony at trial shows that Guthrie and the prosecuting attorney both
believed that registered sex offenders have to give at least seven days advance
notice before any address change.  Guthrie testified that appellant was told he
had to give seven days prior notice of all address changes.  However, the
Requirement is triggered only “[i]f a person required to register under this
chapter intends to change address.”  Tex. Crim. Proc. Code Ann. Art.
62.055(a).  In addition, the deadline for reporting this intended address
change is not seven days before the date on which the move actually occurs;
rather, the deadline is seven days “before the intended change.”  Id. 
There are various situations in which a registered sex offender’s address may
change without the offender having any intent to change address prior to the
actual change of address.  The offender may be barred from his current
residence without warning or someone else may move the offender’s property out
of the residence and to another address without the offender’s knowledge.  Even
presuming that there was legally sufficient evidence that appellant
intentionally, knowingly, or recklessly failed to report an intended address
change, the evidence supporting such a finding is so weak as to render the
verdict clearly wrong or manifestly unjust.  We reach this conclusion based on
the objective basis in the record that there was no evidence that appellant
ever had an intent to change his address that he failed to report not later
than the seventh day before the date of the intended change of address.  

            C.        Analysis—November
2006 Address Change

            The
State also contends the jury could have found appellant committed the offense
as charged because there was some testimony indicating appellant may have
violated the reporting requirements when he initially moved to the Highland
Avenue address.  Sergeant Guthrie testified appellant reported his change of
address on November 16, 2006.  However, Graham stated appellant moved into 602
Highland Avenue on November 12, 2006.  According to the State’s argument, such
testimony allows the jury to convict appellant of the alleged violation because
the jury charge included “on or about” language  However, Guthrie indicated in
his testimony that appellant complied with the reporting requirements when he
moved to the Highland Avenue address in November 2006.  In addition, for the
same reasons stated above as to the April 2007 change of address, the evidence
was factually insufficient to prove that appellant failed to report an intended
address change in November 2006.  

            The
majority of the testimony, evidence and arguments made during trial concern the
failure to report an intended move in April 2007.  The witnesses only briefly
discussed the November move and the State merely mentioned it in passing during
its closing argument.  Sergeant Guthrie only discussed November briefly and testified
appellant had complied with the registration requirements.  The first time the
jury heard mention of any dates regarding the November move was in the context
of appellant following the registration requirements.  Graham testified
appellant moved into the Highland Avenue address on November 12, 2006, but
bases that knowledge on a receipt for the rent paid by appellant’s parents.  He
did not testify to seeing appellant living at the house on November 12, 2006. 
Hunt stated she moved into the house the week before Thanksgiving.  The weakness
of the evidence concerning the November move renders a conviction based upon
such evidence factually insufficient.  Even presuming that there was legally
sufficient evidence that appellant intentionally, knowingly, or recklessly
failed to report an intended address change in November 2006, the evidence
supporting such a finding is so weak as to render the verdict clearly wrong or
manifestly unjust.  We reach this conclusion based on the objective basis in
the record that there was no evidence appellant ever had an intent to change
his address in November 2006 that he failed to report not later than the
seventh day before the date of the intended change of address.  

 
          Accordingly, we sustain appellant’s first issue.  Because a finding
of factual insufficiency requires us to remand the cause to the trial court, we
do not reach appellant’s second issue.  See Drichas v. State, 175 S.W.3d
795, 799 (Tex. Crim. App. 2005); Tex. R. App. P. 47.1.    

  


Conclusion

            Having
sustained appellant’s first issue, we reverse the judgment and remand the cause
to the trial court for further proceedings.    

 

            








                                                                                    

                                                                        /s/        John
S. Anderson

                                                                                    Justice

 

 

 

Panel consists of Justices Anderson,
Frost, and Seymore.

Publish — Tex. R. App. P.
47.2(b).