IN THE

TENTH COURT OF APPEALS




 
 
 
 
 
 
 


 



No. 10-10-00347-CR

No. 10-10-00348-CR

 

Todd Phillippi,

                                                                                    Appellant

 v.

 

The State of Texas,

                                                                                    Appellee

 

 



From the County Court
at Law

Ellis County, Texas

Trial Court Nos. 05-C-3702
and 05-C-3707

 



MEMORANDUM  Opinion



 

The briefs in these appeals were
originally due to be filed by February 4, 2011.  When no briefs were filed, a
late brief notice was sent to appellant, Todd Phillippi, on February 15, 2011. 
Twenty days later, Phillippi’s motion for extension of time to file his briefs
was filed.  The Court granted an extension of time to file the briefs to June
20, 2011.  No briefs were filed for Phillippi.

By letter dated June 30, 2011, the Clerk
of this Court notified Phillippi that pursuant to Rules 38.8(a)(1) and 42.3 of
the Texas Rules of Appellate Procedure, the Court would dismiss these appeals
for want of prosecution unless, within 21 days of the date of the letter, a
brief was filed in each of these appeals.  Phillippi was further warned that if
no briefs were filed by 5:00 p.m. on July 21, 2011, these appeals would be
dismissed.  Tex. R. App. P.
42.3(b).  No briefs were filed by the 5:00 p.m. deadline.

Accordingly, these appeals are
dismissed.

 

                                                                        TOM
GRAY

                                                                        Chief
Justice

 

Before
Chief Justice Gray,

            Justice
Davis, and

            Justice
Scoggins

Appeal
dismissed

Opinion
delivered and filed August 3, 2011

Do
not publish 

[CV06]





at
750 (quoting Hooper at 13) (internal quotation marks omitted); see Tex. Code Crim. Proc. Ann. art. 36.13
(Vernon 2007), art. 38.04 (Vernon 1979).  “[C]ourts reviewing all the evidence
in a light favorable to the verdict must assume jurors made all inferences in
favor of their verdict if reasonable minds could, and disregard all other
inferences in their legal sufficiency review.”  Evans v. State, 202
S.W.3d 158, 165 n.27 (Tex. Crim. App. 2006) (quoting City of Keller v Wilson, 168 S.W.3d 802, 821 (Tex. 2005)) (alteration added).  “When the court
is faced with a record of historical facts that supports conflicting
inferences, it must presume—even if it does not affirmatively appear in the
record—that the trier of fact resolved any such conflicts in favor of the
prosecution.”  Jackson at 326; Evans at 164 n.19.

        Jones concedes the evidence
that he said to Vaughn on the date alleged in the indictment, “[W]ell, you know
you are dead”; and a couple of days later, “[Y]ou remember I told you, you were
dead.”  (Br. at 2 (quoting 2 R.R. at 100, 101-102) (alterations added).)  By
the second time, Vaughn “felt like [Jones] meant business.”  (Id.
(quoting 2 R.R. at 101) (alteration added).)  

        Viewing the evidence and
inferences therefrom in the light most favorable to the prosecution, we hold
that reasonable jurors could have believed beyond a reasonable doubt that Jones
intended to place Vaughn in fear of imminent serious bodily injury.  The
evidence was legally sufficient.  We overrule Jones’s first issue.

        Factual Sufficiency.  In
Jones’s second issue, he contends that the evidence was factually
insufficient.  

        “Evidence may be factually
insufficient if: ‘1) it is so weak’” that the verdict is “‘clearly wrong
and manifestly unjust or 2) the adverse finding is against the great
weight and preponderance of the available evidence.’”  Berry v. State, 233
S.W.3d 847, 854 (Tex. Crim. App. 2007) (quoting Johnson v. State, 23
S.W.3d 1, 11 (Tex. Crim. App. 2000)); see Watson v. State, 204 S.W.3d
404, 414-15 (Tex. Crim. App. 2006).  “[T]he evidence . . . is
factually insufficient if it is so weak that the jury’s verdict seems clearly
wrong and manifestly unjust, or” if, “considering conflicting evidence, the
jury’s verdict, though” supported by “legally sufficient” evidence, “is
nevertheless against the great weight and preponderance of the evidence.”  Berry at 854 (citing Watson at 414-15); see Rollerson v. State, 227
S.W.3d 718, 724 (Tex. Crim. App. 2007).  “Such a factual sufficiency review
requires the reviewing court to consider all of the evidence.”  Berry at
854 (citing Marshall v. State, 210 S.W.3d 618, 625 (Tex. Crim. App.
2006), cert. denied, 128 S. Ct. 87 (2007)).  “[T]he evidence is reviewed
in a neutral light rather than (as in a legal sufficiency review) in the light
most favorable to the verdict.”  Roberts v. State, 220 S.W.3d 521, 524
(Tex. Crim. App.), cert. denied, 128 S. Ct. 282 (2007); accord Johnson,
23 S.W.3d at 7.  “A clearly wrong and unjust verdict occurs where the 
jury’s finding is manifestly unjust, shocks the conscience, or clearly
demonstrates bias.”  Berry at 854 (citing Sells v. State, 121
S.W.3d 748, 754 (Tex. Crim. App. 2003)); accord Santellan v. State, 939
S.W.2d 155, 164 (Tex. Crim. App. 1997).   “[A]n appellate court must first be
able to say, with some objective basis in the record, that the great weight
and preponderance of the . . . evidence contradicts the  jury’s
verdict before it is justified in” reversing for factually insufficient
evidence.  Watson at 417.

        “When reversing on
insufficiency grounds, the appellate court” must “detail the evidence relevant
to the issue in consideration and clearly state why the jury’s finding is
factually insufficient.  The opinion” must “state in what regard the contrary
evidence greatly outweighs the evidence in support of the verdict.”  Johnson,
23 S.W.3d at 7 (citing Clewis v. State, 922 S.W.2d 126, 135 (Tex.
Crim. App. 1996)); see Roberts  v. State, 221 S.W.3d 659, 664 n.8 (Tex.
Crim. App. 2007); Pool v. Ford Motor Co., 715 S.W.2d 629, 635 (Tex.
1986).

        “Reversal of the judgment and
remand for a new trial is the proper remedy when a court of appeals finds that
evidence is factually insufficient.”  Drichas v. State, 175 S.W.3d 795,
799 (Tex. Crim. App. 2005) (citing Zuniga v. State, 144 S.W.3d 477,
484-85 (Tex. Crim. App. 2004)); see Watson, 204 S.W.3d at 414.

        Jones points primarily to the
following evidence.  About May 12, 2007, Vaughn lost her campaign for
reelection to the Hearne City Council.  On May 29, the date of the first
Council meeting after the election, when Jones first said to Vaughn that she
was “dead,” Vaughn did not feel threatened.  Vaughn waited while Jones went
back inside the Council chamber, and when Jones came back outside, Vaughn
continued to ask Jones what he had meant.  Jones told Vaughn that she “had skeletons
in the closet” and “was not perfect.”  (Br. at 2 (citing 2 R.R. at 100).) 
Jones did not raise his voice, did not appear to have a weapon, and did not
raise his fist.  On May 31, when Jones again said to Vaughn, “[Y]ou are dead,”
he added, “and I mean politically dead.”  (Id. (quoting 2 R.R. at 106)
(alteration added).)

        Considering all the evidence
in a neutral light, we hold that the great weight and preponderance of the
evidence contradicts the jury’s finding that Jones intended to place Vaughn in
fear of serious bodily injury.  The evidence that Jones, in referring to
Vaughn’s “political” death, described a state of affairs or, at most,
threatened Vaughn with blackmail, greatly outweighs the evidence that Jones
intended to place Vaughn in fear of serious bodily injury.  The evidence was
factually insufficient.  We sustain Jones’s second issue.

        Conclusion.  Having overruled Jones’s first issue and sustained his
second, without reaching his third issue, we reverse the judgment and remand
the cause.

TOM GRAY

Chief Justice

Before Chief Justice Gray,

        Justice Vance, and

        Justice Reyna

Reversed and remanded

Opinion delivered and filed August 6, 2008

Do not publish

[CR25]