HOLLIS HORTON, Justice,
dissenting.
Because I do not agree with the majority’s conclusion that the evidence was legally insufficient to support the jury’s finding that Brister exhibited or used his automobile as a deadly weapon, I respectfully dissent.
According to the majority’s opinion, “[t]he State failed to present evidence from which a reasonable jury could conclude beyond a reasonable doubt that people were actually endangered by Brister’s operation” of his automobile “during the offense.” In my opinion, the majority finds the evidence legally insufficient by reweighing the evidence and viewing it in a neutral light, not the light most.favorable to the jury’s verdict. The Court of Criminal Appeals has explained: “Viewing the evidence ‘in the light most favorable to the verdict’ under a legal-sufficiency standard means that the reviewing court is required to defer to the jury’s credibility and weight determinations because the jury is the sole judge of the witnesses’ credibility and the weight to be given their testimony.” Brooks v. State, 323 S.W.3d 893, 899 (Tex.Crim.App.2010).
With respect to the evidence, the jury heard evidence regarding the manner Brister used his automobile as well as evidence that Brister’s automobile, given the manner it was used, was capable of causing a death or a serious bodily injury. With respect to the manner that Brister drove his automobile, Officer Warner testified that he saw Brister cross into oncoming traffic — an observation that allowed the jury to conclude Brister was driving recklessly. See Sierra v. State, 280 S.W.3d 250, 256 (Tex.Crim.App.2009). With respect to whether Brister’s automobile was capable of causing death or serious injury, Detective Blankenship and Detective Cupit testified that the type of car Brister was driving is capable of causing serious bodily injury or death. The majority has not taken issue with these aspects of the jury’s verdict.
The majority strays from its task of reviewing the evidence in the light most favorable to the verdict because it weighs whether the amount of traffic created a probability of injury. In reweighing the testimony, the majority puts great weight on Officer Warner’s testimony there was little to no traffic. However, the question that should be the focus of the court’s analysis is whether, given the presence of any traffic that existed, Brister’s automobile was capable of causing death or serious bodily injury. See Drichas v. State, 175 S.W.3d 795, 799-800 (Tex.Crim.App.2005) (“[A] deadly weapon finding is appropriate on a sufficient showing of actual danger, such as evidence that another motorist was on the highway at the same time and place as the defendant when the defendant drove in a dangerous manner.”). Instead of looking at Officer Warner’s testimony in the light most favorable to the verdict, the majority weighs the testimony that there was generally little or light traffic more heavily than the testimony that Brister drove into “oncoming traffic,” testimony that reasonably suggests the presence of some traffic when the offense occurred.
With respect to reviewing sufficiency challenges .to deadly weapon findings in cases involving automobiles, the Court of Criminal Appeals has explained that driving while intoxicated is actually dangerous only if the conduct creates a danger to pedestrians or other motorists present on the roadway. See id. at 799. Under Brooks, the jury is the sole judge of the weight to be given to the testimony of the witnesses. 323 S.W.3d at 899. In my *346 opinion, the danger to the traffic that Officer Warner saw on the roadway, even if it was only one other automobile, when coupled with Officer Warner’s testimony that Brister drove into oncoming traffic, is legally sufficient evidence to support, beyond reasonable doubt, the jury’s conclusion that another motorist was actually placed in danger of death or serious bodily injury due to Brister’s reckless conduct. See Drichas, 175 S.W.3d at 798. Because the majority reweighs the testimony to reach a conclusion that contradicts the jury’s verdict, I do not join in the court’s opinion; instead, in my opinion, the court should affirm the jury’s finding that Bris-ter was driving while intoxicated, affirm the jury’s finding that Brister used or exhibited his automobile as a deadly weapon, and affirm the trial court’s judgment.