

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-24-00021-CR

NATHAN GARCIA, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 140th District Court
Lubbock County, Texas
Trial Court No. 2019-417369, Honorable Douglas Freitag, Presiding

July 25, 2024

MEMORANDUM OPINION

Before QUINN, C.J., and PARKER and YARBROUGH, JJ.

Do you get less intoxicated by drinking light beer? Is driving a car at night, without headlights, at a high rate of speed, in a residential neighborhood, less deadly if traffic is light? Appellant, Nathan Garcia, appeals from his conviction for evading arrest, with an affirmative finding on use of a deadly weapon, to-wit: a motor vehicle, and two-year sentence.[1] Following an open plea of guilty to the charge of evading arrest, he pleaded

---

[1] *See* TEX. PENAL CODE ANN. § 38.04(b)(2)(A).

not true to the deadly weapon allegation. By his sole issue, he questions whether the evidence is sufficient to support the jury's finding that he used a deadly weapon, a motor vehicle, during the commission of the offense of evading arrest. We affirm.

## BACKGROUND

On January 19, 2019, Appellant drove to a Lubbock car wash, threatened victims, and sped away. Lubbock Police Officer Martinez responded to the disturbance call, located Appellant's vehicle, and attempted to stop him. He fled, which lead to a high-speed chase through a residential area. A Department of Public Safety helicopter was nearby and pursed Appellant. Because Appellant fled at a high speed, at night, without headlights, in a residential neighborhood, the ground pursuit was temporarily halted. Appellant eventually parked, fled on foot, and was arrested.

## ANALYSIS

In considering a sufficiency challenge to the deadly weapon allegation, the Court must review the record to determine whether any rational trier of fact could have found beyond a reasonable doubt that the vehicle was used or exhibited as a deadly weapon. *Brister v. State*, 449 S.W.3d 490, 493 (Tex. Crim. App. 2014). To hold evidence legally sufficient to sustain a deadly-weapon finding, the evidence must demonstrate the following: (1) the object meets the statutory definition of a deadly weapon; (2) the deadly weapon was used or exhibited during the transaction from which the felony conviction was obtained; and (3) other people were put in actual danger. *Drichas v. State*, 175 S.W.3d 795, 798 (Tex. Crim. App. 2005); *see also Brister*, 449 S.W.3d at 494; *Mayes v. State*, 536 S.W.3d 102, 109 (Tex. App.—Amarillo 2017, pet. ref'd). A motor vehicle may

2

be found to be a deadly weapon if the vehicle, "in the manner of its use or intended use is capable of causing death or serious bodily injury." TEX. PENAL CODE ANN. § 1.07(a)(17)(B); *Drichas*, 175 S.W.3d at 798; *see also Brister*, 449 S.W.3d at 494; *Couthren v. State*, 571 S.W.3d 786, 789 (Tex. Crim. App. 2019). To sustain a deadly-weapon finding, the evidence must show (1) the object in question (here, Appellant's vehicle) meets the definition of a deadly weapon; (2) the deadly weapon was used or exhibited during commission of the offense; and (3) other people were put in actual danger. *Brister*, 449 S.W.3d at 494.

Appellant challenges only the third factor of the deadly weapon—other people were put in actual danger. He admits there is evidence of speeding and driving without activated headlights in a residential area.

In *Drichas*, the defendant drove his truck recklessly while evading arrest. He drove the wrong way on a highway during a high-speed chase, failed to yield to oncoming traffic, committed traffic offenses, and turned into a construction zone where he knocked down barricades. 175 S.W.3d at 797–98. Although the testimony established there was only "some" traffic during the chase and Drichas had neither attempted to strike motorists nor force them to take evasive action, the Court of Criminal Appeals found the evidence legally sufficient to support a deadly-weapon finding. *Id.* at 798.

In this case, both DPS helicopter footage and Officer Martinez's testimony offered several instances of the manner in which Appellant used his vehicle which was capable of causing death or serious bodily injury. The helicopter footage of the pursuit played for the jury showed instances of other vehicles in the residential neighborhood as Appellant

3

ran multiple stop signs, at a high rate of speed, without activated headlights. Notwithstanding that traffic was light during Appellant's high-speed chase, traveling through a residential area at night, without activated headlights at a high rate of speed did pose actual danger, and was not merely hypothetical. *See id.* We conclude there was sufficient evidence to support the jury's deadly-weapon finding. Appellant's sole issue is overruled.

## CONCLUSION

We affirm the trial court's judgment.

Alex Yarbrough
Justice

Do not publish.

4